## CITY OF WILBURTON et al. v. McCONNELL et al.

No. 16638—Opinion Filed May 11, 1926.

Rehearing Denied Oct. 12, 1926.

**1. Municipal Corporations—Paving Improvements—Sufficiency of Notice to Property Owners.**

The purpose of giving notice in a proceeding for a paving improvement is to afford interested property owners the opportunity to protect their property from the lien of the proposed tax for the improvements. The notice must be sufficiently clear to advise persons of ordinary intelligence, in a general way, of the property to be charged with the cost of the improvements, or the notice must refer to a plat on file with the city or town clerk, describing and defining the property to be charged with the cost of the improvements.

**2. Same—Nonliability of Unplatted Property to Assessment if not Abutting Street.**

Where platted property lies between the street proposed to be paved and unplatted property, which abuts the platted property, such unplatted property is not subject to assessment for any part of the cost of the improvement, under the provisions of section 21, chap. 173, Session Laws of 1923.

**3. Same—Injunction Against Paving Sustained.**

Record examined; held, to be sufficient to support judgment for plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Latimer County: D. C. McCurtain, Judge.

Action by James McConnell et al. against the City of Wilburton et al., to enjoin the latter from making a paving improvement in the City of Wilburton. Judgment for plaintiffs, and defendants bring error. Affirmed.

Ira C. Haycock. City Atty., and G. A. Paul, for plaintiffs in error.

Philos S. Jones, C. H. Hudson, and Claude Briggs, for defendants in error.

Opinion by STEPHENSON, C. The city of Wilburton commenced a proceeding under the statutes to cause the paving of Main street, a distance of three blocks, lying between Hamilton street on the east and Perkins street on the west. The three blocks abutting Main street on the north are 300 feet in length. The three abutting blocks on the south of Main street are 100 feet in length. The Chicago, Rock Island & Pacific Railway Company's right of way parallels the south boundary of the three blocks abutting Main street on the south side. A plat purporting to show the proposed improvement district was filed with the city clerk. The plat shows the lots and blocks by numbers abutting on the north and south side of Main street. The plat does not include and describe any property abutting on the south side of the three south blocks. The property, however, lying south of the three blocks is the right of way of the Chicago, Rock Island & Pacific Railway Company. The notice published of the proposed paving project was a copy of the resolution for the proposed paving project, which failed to include and describe the railroad right of way. The owners of a majority of the area of the three north and three south blocks, abutting Main street, protested against the proposed improvement, within the time provided by statute. The railway did not file a protest against the improvement. The owners, who protested against the making of the improvement, filed a suit to enjoin the city from proceeding with the work. A temporary injunction was granted in favor of the plaintiffs, which was made final at a later hearing. The defendants have appealed the cause here for review. It is the contention of the appellants that under the statutes a portion of the right of way of the Chicago, Rock Island & Pacific Railway Company should be charged with the cost of the improvement. It is further contended that the owners of a majority of the area to be affected by the improvement cost did not file a protest, if a part of the right of way is chargeable with the cost. It is the contention of the appellants that a sufficient part of the right of way of the railway abutting on the three south blocks should be included in the district to equal the depth of the north blocks abutting on Main street.

According to the contention of the appellants, a strip of the right of way, 50 feet in width abutting on the three south blocks, would be affected by the improvement cost. This assumption is based upon the fact that the three north blocks abutting on Main street are 300 feet in length. The appellants rely on section 21 of chapter 173, Session Laws of 1923, to support their position. The defendants in error rely upon the same section of the statutes to support the judgment in their favor.

The section will be quoted and divided according to its relation to the several propositions embodied in the section:

(A)   "* * *   If any of the property abutting upon such improvements shall not be platted into blocks, the governing body shall include such property in proper quarter block districts for the purpose of assessment and appraisement, as provided herein, based upon the division of such property into blocks 300 feet deep, measured from the outer boundary of the abutting street."

The quoted part of the statute relates to procedure where the property on neither side of the street is platted into lots and blocks. It provides that where the property on neither side of the street has been platted, both sides should be platted into blocks 300 feet deep for the purpose of appraisement and assessment for the paving improvements. The language following that quoted above reads as follows:

"Provided, that if the property on the opposite side of such street is so platted, such unplatted property shall be platted for the purpose of such assessment to conform thereto as nearly as practicable."

The meaning of the last quoted part of the statute is that, if the property on one side of the street is already platted into blocks 300 feet in depth, the unplatted side of the street should be platted into blocks of the same depth, if the property be of such depth. If the unplatted property be of a less depth than 300 feet, it should be platted in and including its full depth.

The succeeding part of the statute is in the following language:

"And that if the property on the opposite side of the street is not platted, then such unplatted property shall be divided into quarter-block districts, for the purpose of such assessment based on blocks which shall be uniform as nearly as practicable with blocks already platted, if any, on the same street."

The preceding language means that if the land abutting on one side of the street is already platted into lots and blocks, the other side of the street should be platted into lots and blocks of corresponding width

and depth. The language of the statute in the last quotation, which requires the abutting land to be platted as nearly as practicable "with the blocks already platted, if any, on the same street," contemplates that unplatted abutting property may be found on both sides of the street, and also platted lots and blocks may be found on both sides of the streets. Then the abutting unplatted property should be platted into lots and blocks according to the depth of the blocks already platted on the same side of the street.

The language of the statute is not altogether clear. The section evidently means:

(a) That where unplatted property abuts both sides of the street, where the property on each side of the street is 300 or more feet in depth, the abutting property on both sides of the street should be platted into lots and blocks of 300 feet depth for the purpose of appraisement and assessment.

(b) Where land has been platted into lots and blocks of 300 feet depth on one side of the street, and the abutting property on the other side has not been platted, the latter property should be platted into lots and blocks of 300 feet in depth, if the unplatted property be of that great a width; if the unplatted property be less than 300 feet in width, the full depth of the property should be platted into lots and blocks.

(c) If there be platted abutting property on both sides of the street, and if the platted abutting property on either side of the street be less than 300 feet in depth, the unplatted abutting property on either side of the street should be platted into lots and blocks of the same width as the platted property on the same side of the street, if the property be of sufficient width to allow for platting into corresponding depths.

The closing part of the section reads in the following language:

"Record of such plat shall be filed and remain with, and be preserved by, the city or town clerk."

The quoted language requires a plat to be made of the unplatted abutting property according to the foregoing rules, and filed with the city clerk.

No part of the right of way of the Chicago, Rock Island & Pacific Railway Company was platted for appraisement and assessment for the improvements, and filed with the city clerk of Wilburton.

The section deals exclusively with **unplatted property abutting** on the street which the city proposes to pave. The contention of the appellants is that they are authorized to extend the south blocks 200 feet over the right of way of the Chicago, Rock Island & Pacific Railway Company, and include 150 feet of the length thereof in the assessment district. The statute does not authorize the extension of abutting platted lots and blocks, over unplatted property, for the purpose of assessment for the improvements. The statute refers to abutting unplatted property in every instance.

In the case of Millan v. Chariton, 145 Iowa, 648, 124 N. W. 766, it was said:

"Abutting property" is "that between which and the improvements there is no intervening land."

It was said by this court in the case of Oklahoma Railway Co. v. Severns Paving Co. et al., 67 Okla. 206, 170 Pac. 216:

"By the terms 'fronting' and 'abutting,' as used in the statutes, is meant that between which and the improvements there is no intervening land."

The term "abutting property owner," as used in the language of our statute, as defined by this court, excludes the property of the Chicago, Rock Island & Pacific Railway Company from assessment for any part of the cost of the proposed improvement.

The Supreme Court of Kansas in the case of A., T. & S. F. Ry. Co. v. City of Ellinwood (Kan.) 238 Pac. 341, had under consideration a similar statute. The conclusions reached by the court in the Kansas case support the construction placed on our paving statute in the instant case.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. pp. 979, 982; 25 R. C. L. p. 163. (2) 28 Cyc. p. 1123. (3) 28 Cyc. p. 1019.