EBEN RAWSON ET AL., Appellants, v. CITY OF DES MOINES ET AL., Appellees.

**Municipal corporations:** SPECIAL ASSESSMENTS: AMOUNT: HOW DETERMINED. In fixing the maximum amount of a special assessment upon abutting property for a street improvement, the value of that part of the tract lying more than one hundred and fifty feet from the abutting line will not be taken into consideration.

*Appeal from Polk District Court.*— HON. WM. MCHENRY, Judge.

WEDNESDAY, MARCH 6, 1907.

Appeal was taken to the district court from certain special assessments against plaintiffs' property for the cost of curbing, guttering and paving a street. The city council assessed the entire tract of ground, which exceeded one hundred and fifty feet in depth. Upon appeal to the district court the trial court decided that the assessment should have been limited to that portion of the tract abutting upon the street and extending only to a depth of 150 feet; but that in ascertaining the amount which might legally be levied the entire tract should be considered as a basis for the computation. Plaintiffs appeal.— *Reversed* and *remanded.*

*J. E. Mershon,* for appellants.

*W. H. Bremner, M. H. Cohen,* and *W. M. McLaughlin,* for appellees.

DEEMER, J.— Counsel for the city very succinctly state the question involved upon this appeal as follows: "The only question involved in this appeal is whether in fixing the maximum amount of a special assessment for a street improvement against property which is in depth more than 150 feet the city is limited to 25 per cent. of the value of the whole tract, or 25 per cent. of the value of a strip 150 feet in depth, under the provisions of section 792a of the Code Supplement of 1902."

By section 792, Code 1897, it is provided, in substance, that " cities shall have power to improve any street, highway, avenue, or alley by  .  .  .  curbing, paving, gravelling, macadamizing and guttering the same or any part thereof  .  .  .  and to assess the cost on abutting property "; and, by section 816, that " the lien of a special tax for street improvements in case of abutting property shall not cover to exceed one hundred and fifty feet in depth from

the abutting line." By section 792a of the Code Supplement of 1902, which is section 1 of chapter 29, of the Acts of the Twenty-Eighth General Assembly, it is provided that " when any city or town council or board of public works levies any special assessment for any public improvement against any lot or tract of land such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of the levy and the last preceding assessment roll·shall be taken as *prima facie* evidence of such value."

It is contended that although the assessment may only be made to the depth of one hundred and fifty feet, no matter what the actual depth of the lot or tract, yet in arriving at the amount which may be assessed under section 792a the actual value of the lot or tract as a whole at the time of the levy should be considered. The mere statement of the proposition indicates that no such holding should be made unless that was the clear intent of the Legislature. The manifest purpose of the law was to. limit the assessment to twenty-five per centum of the value of the property against which the assessment was to be made, and the language used to justify any other interpretation should be clear and convincing. Counsel for the city say: " Section 792a of the Code Supplement standing alone would unquestionably fix the limitation as 25 per centum of. the actual value of the whole lot or tract of land abutting on the improvement. Section 816 of the Code is not intended in any way as a limitation upon the amount of the assessment. It pertains solely to the remedy; that is the means afforded for the enforcement or collection of the special tax. It fixes the security for the payment of the tax. If it had been intended by section 792a of the Code Supplement of 1902 to limit the amount to 25 per cent. of the value of the tract subject to the lien, it would have been a very easy matter

to have used language clearly indicating such an intention."
This argument, while ingenious, we do not regard as sound.
Reference to some other statutes will, we think, demonstrate
the fallacy therein.   Section 821 of the Code requires that
a plat and schedule be prepared and filed as a permanent and
public record in the office of the city clerk showing the
streets improved and the separate lots or parcels of ground,
or specified portion thereof, subject to assessments for such
improvement, the names of the owners thereof, so far as
practicable, and the amount to be assessed against each lot
or parcel of ground.   Section 825 provides for the final
action of the city council in making the assessment or levy
against each separate lot or parcel of ground according to
and as shown on the plat and schedule. ' Section 829 pro-
vides that " property against which a special assessment has
been levied for street improvement may be sold for delin-
quent assessments at tax sale."

Now, going back to section 792a, it will be observed that
the per centum is of the actual value of the lot or tract at
the time of the levy; and by necessary implication from the
language of the entire section it is the lot or tract upon which
the assessment is to be laid.   Statutes relating to special
assessments against abutting property are generally con-
strued in favor of the owner of the property.   *Smith v.
City,* 106 Iowa, 590.   Appellees' counsel rely upon *Findley
v. Frey,* 51 Ohio St. 390 (38 N. E. 114), as supporting their
contention.   That case construes certain Ohio statutes, which
are not the same as those we are now considering; and,
even if they were, the case would not be authoritative.
Moreover, it was held in that case that plaintiff was not
the owner of a larger lot than the Legislature had in mind
in limiting the depth beyond which the lien could not at-
tach.   The question after all is a construction of our own
statutes, and decisions from other States are of little help
upon this proposition.   The value of the entire tract owned
by plaintiffs was $5,000, and of the abutting 150 feet

$4,000. The assessment levied by the city council was $1,302.93. This was reduced to $1,250 by the district court. We think it should have been reduced to $1,000, and that the trial court was in error in considering the value of the entire tract as a basis for the assessment.

The case will be remanded for a decree and order in harmony with this opinion.— *Reversed* and *remanded.*