MARGARET MILLAN, Appellant, v. THE CITY OF CHARITON.

**Municipal corporations:** STREET IMPROVEMENTS: ASSESSMENT OF ABUTTING PROPERTY. Under the statutes relating to the assessment of abutting property for street improvements, the proportion of the cost to be assessed against any particular property is not to be ascertained by determining the expense of that part of the improvement on which it abuts, but the proportion of the entire cost which each tract should bear is to be taxed against it.

**Same.** Where a city assumes the cost of paving a street intersection which it might have avoided, it will not relieve abutting property from its proportion of the cost, but will merely reduce the total assessable cost of the improvement.

*Appeal from Lucas District Court.*—HON. D. M. ANDERSON, Judge.

WEDNESDAY, FEBRUARY 9, 1910.

ACTION to enjoin defendant from enforcing collection of a special assessment against property of plaintiff resulted

in the dismissal of the petition. The plaintiff appeals.—
*Affirmed.*

H. F. *Millan* and George C. *Fancher,* for appellant.

J. A. *Campbell* and *Hickman & Wells,* for appellee.

LADD, J.—The plaintiff's lot abuts Woodlawn avenue
in the city of Chariton, and is directly opposite to and of
the same width as Grand Street, extending from said
Avenue north and intersecting Armory, Lin-
den, and Court Avenues, in the order named.
In 1908 the city council ordered the "pave-
ment of that portion of Grand Street in said
city, extending south from the south line of
Court Avenue to the south line of Woodlawn Avenue,"
and "that the cost of said pavement shall be assessed to and
against the property abutting thereon except the cost of.
street and alley intersections which shall be made by the
city at its own cost." The sum of $234.30 was assessed
against plaintiff's lot, "being a true and correct and pro-
portionate share of the cost of the improvement," but she
says that it was not subject to assessment, inasmuch as
the city undertook to pave all street intersections. Con-
ceding that the pavement on Woodlawn Avenue was of an
intersection, it does not follow that the lot was not subject
to assessment. In compliance with section 810, Code, the
city council directed that abutting property should be as-
sessed to pay the costs of the improvements except that of
intersections. The council was authorized to assume that the
costs of these and "one-half the cost of same at spaces op-
posite streets, highways, avenues and alleys intersecting,
but not crossing" (section 817, Code), and, upon comple-
tion of the improvement, to ascertain "what portion of such
costs shall be, by law and the ordinance, or resolution
. . . assessable upon abutting property." Section 820,
Code. The proportion of the costs to be assessed against

*(margin note:)* 1. MUNICIPAL CORPORATIONS: street improvements: assessment of abutting property.

any particular property is not ascertained by determining the expense of that part of the improvement on which it abuts, but the proportion of the entire cost which each parcel of property should bear is taxed against it, so that, in any event, the particular expense of paving one-half the width of Woodlawn Avenue in front of plaintiff's property would not have been assessed against it, but rather the just proportion of the entire improvement which said property should bear, It is not questioned but that plaintiff's lot abuts on the pavement. By the term "abutting property" is meant that between which and the improvement there is no intervening land. 25 Am. & Eng. Ency. Law (2d Ed.) 1190.

And it is conceded the city, but for its assumption of the cost of intersections, had authority to make plaintiff's lot subject to assessment for the improvement. The resolution expressly declared that the cost should be assessed against all abutting property, and, as plaintiff's property abutted on the improvement, it is manifest that it should bear its proper proportion. That the city may have assumed to pay the cost of an intersection which it might have avoided in no wise relieves plaintiff's lot from its portion of the burden. This merely reduced the assessable cost of the improvement, and of this plaintiff is not in a situation to complain. The vice of appellant's reasoning is the assumption that, inasmuch as the city agreed to bear the cost of all intersections, this would relieve plaintiff's property abutting on the improvement from its proportionate share of the entire cost. The resolution of the city council expressly charges such cost, excepting that of intersections, against all abutting property, and we discover no reason why plaintiff's lot should not bear its just proportion thereof, even though the city under resolution adopted may be required to pay the cost of the portion of the improvement in front of her property. The ruling of the trial court has our approval.—*Affirmed.*

2. SAME.