FREDERICK KNEEBS, Appellee, v. CITY OF SIOUX CITY, et al., Appellants.

**Municipal corporations:** ASSESSMENT OF ABUTTING PROPERTY: WHAT PROPERTY ASSESSABLE. The statutes relating to the assessment of property for a street pavement contemplate that only that part of a lot or parcel of land actually abutting upon the street shall be assessed for the improvement: So that where a portion of a lot is separated from the street by another portion of the same lot owned by a different person, the separated portion is not assessable, though owned by the person owning that part contiguous to the street, and although the same lies within 150 feet of the street.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, JUDGE.

WEDNESDAY, OCTOBER 16, 1912.

A writ of certiorari was issued by the district court to the defendants. Judgment was entered annulling an

assessment of plaintiff's property. Defendants appeal.— *Affirmed.*

*F. E. Gill,* for appellants.

*E. J. Stason,* for appellee.

LADD, J.—Lot 1 of block 33 in Sioux City is forty-two feet wide and one hundred and fifty feet long, extending east and west, with Riverside avenue on the north. A strip of this lot along said avenue, sixteen feet wide at one end and ten feet wide at the other, belonged to the Chicago, Milwaukee & St. Paul Railway Company, and was used by it as a part of its right of way. The remainder of the lot was the property of the plaintiff, and he had never had any interest in that portion owned by the railway company.

In March, 1911, the city council of Sioux City adopted the necessary resolution of necessity, and by proceedings, the regularity of which is not questioned, caused Riverside avenue to be paved and the portion of the lot owned by the plaintiff to be assessed for the proportionate share of the cost. The plaintiff contends that his portion of the lot, as it did not abut the street, was not subject to assessment for the costs of the improvement, while the defendants insist that the lot is a unit for assessment purposes, and that, even though the title to separate portions be owned by different persons, all of it within one hundred and fifty feet of the street line is assessable for the proportionate share of the cost of the pavement.

This is the only question presented, and its determination necessarily depends upon the construction given the statutes bearing on the subject. These, as argued by counsel for defendant, are directed to the property rather than the owners. But it does not follow from this that a lot or parcel of ground once abutting on a street continues to be a

unit for assessment purposes, notwithstanding subdivisions which may subsequently occur in good faith and in the ordinary uses of the property. It is the property abutting the street, and not necessarily the lot or parcel of land according to some plat, which is made subject to assessment. Section 792 of the Code declares that "cities shall have the power . . . to assess the cost on abutting property." Section 816 provides that the lien for special taxes "for street improvements in case of abutting property shall not cover to exceed one hundred and fifty feet in depth from the abutting line." Section 817: "The cost of any street improvement at the intersection of a street . . . may be assessed against the property abutting or fronting upon that portion of the street, highway, avenue or alley so improved in proportion to the linear front feet fronting or abutting upon such improvement." Section 818 provides that the cost of making or reconstructing street improvements is a "special tax against the property abutting thereon in proportion to the number of linear front feet of each parcel so abutting." Section 820: "When the making of any street improvement . . . shall have been completed . . . the council shall ascertain what portion of such costs shall be . . . assessable upon abutting property." Section 821 provides that "in assessing that part of the cost of the making or reconstructing of any street improvement . . . which is assessable against lots or parcels of ground abutting thereon . . . the council . . . shall cause to be prepared a plat of the street, showing the separate lots or parcels of ground, or specified portions thereof, subject to assessment for such improvement, the names of the owners thereof, as far as practicable, and the amount to be assessed against each lot or parcel of ground." Section 825 directs that "the special assessments made in said plat and schedule, as corrected and approved, shall be levied at one time . . . against the property abutting on such street improvement."

The terms "property" in its appropriate sense means that dominion or definite right of user and disposition which one may lawfully exercise over particular things or subjects, but in these statutes it evidently has reference to the *res* or subject of property. See *South Park Commissioners v. C. B. & Q. Ry.,* 107 Ill. 105: It is abutting property when there in no intervening land between it and the street. *Millan v. City of Charilon,* 145 Iowa, 648. See 1 Page & Jones on Taxation by Assessment, section 620. The properties lying contiguous to the street improved, whether specifically outlined on a plat or not, are to be assessed for the expenses of the improvement. Such properties may be lots or only parts thereof, or portions of blocks or unplatted tracts. As said in the authority last cited: "If a platted lot has been divided in actual use into two distinct tracts, any of which is separated from the street by the other, the one in the rear is not regarded as abutting on the improvement." This is for the reason that ordinarily property not abutting is not especially benefitted thereby. *Langlois v. Cameron,* 201 Ill. 301 (66 N. E. 332), is directly in point, holding that, where lots are divided somewhat as in the case at bar, the portions back from the street are not assessable. In *Eagle Mfg. Co. v. City of Davenport,* 101 Iowa, 493, a portion of the block, less than one hundred and fifty feet wide, had been sold and the land beyond it was held not to be assessable for the improvement of the street. In *Smith v. Des Moines,* 106 Iowa, 590, the strip intervening between plaintiff's property and the street was another lot, and, because of it intervening between, his lots were held not to be liable for the special tax. In *Rawson v. Des Moines,* 133 Iowa, 514, the point was not involved, nor was it in *Stutsman v. Burlington,* 127 Iowa, 563.

Neither lot nor parcel is mentioned in the statutes, except in connection with assessing or levying the special tax. In section 818 this is to be apportioned according to

the "linear front feet of each parcel so abutting," and in section 821 the plat is required to show "the separate lots or parcels of ground or specified portions thereof subject to assessment for such improvement, the names of the owners, as far as practicable, and the amount to be assessed against each lot or parcel of ground," but under section 825 the assessments are to be levied "against the property abutting on such street improvement." This has reference to the time the improvement is made and manifestly the particular property then abutting is intended. Ordinarily this is platted into lots, but in the necessities of use these may be subdivided or blocks or unplatted tracts may abut the street improved, and for this reason the levy against "separate lots or parcels of ground or specified portions thereof" is exacted. Now, "parcel" is defined by Webster's Dictionary as "a part; portion; piece; as a certain piece of land is part and parcel of another piece." The Century Dictionary defines it as "a part, either taken separately or belonging to a whole." So that "parcel" may quite as well be applied to a part or subdivision of a lot as to some portion of a block or tract of other description. The manifest intention is that the levy shall be made according to the subdivisions into which the abutting land has been divided and the separate properties, abutting the street, only shall be assessed. Statutes authorizing special assessments are to be strictly construed. *Smith v. Des Moines, supra,* and *Gill v. Patton,* 118 Iowa, 89. And, if this is done, there is no escape from the conclusion that the plaintiff's portion of the lot, as it did not abut the street improved, was not assessable for any part of the costs of the pavement.—*Affirmed.*