THE TOWN OF NORWALK *vs.* KATE H. PODMORE ET AL.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

Either in the judgment appointing a committee to assess damages and benefits for a public improvement, or in the final judgment accepting the committee's report and awarding damages, there should be a finding of the jurisdictional facts recited in the application and essential to support the action. But where all parties have assumed that the order appointing a committee presupposed such

a finding and therefore that it was a part of the record, this court may waive the irregularity and entertain an appeal from the judgment.

Where the report of a committee, accepted by the court, finds that a party is owner of the land in controversy, it is immaterial whether his title was acquired by quitclaim deed or otherwise.

The owner of tide-water flats abutting on a highway is entitled to fill in and reclaim the flats between low-water mark and the highway, and, having reclaimed them, has a right of access from the reclaimed land to the highway, whether that happens, as in the present case, to be a bridge, or the usual, ordinary roadway. This right must, however, be exercised by the abutter so as to do no substantial injury to the highway or bridge, or render travel thereon unsafe.

If a highway be laid out across such mud flats, the occupancy of the soil for highway purposes, so long as it is continued by the public, deprives the owner of his right of reclamation of the strip taken for the highway, and consequently of his entire interest therein.

There is no presumption that the owner of mud flats abutting a highway owns to the middle of the highway; but he does have the right of access to the highway from his land.

The right of access to the highway is a property right appurtenant to abutting land, and it exists whether the owner's title extends to the middle of the highway or not.

The word "bridge," as used in public or private statutes, may include the abutments, embankments, and approaches, or may be confined to the structures between the abutments. Which meaning is intended by the legislature in any particular statute must be determined from the language of the Act and from the circumstances.

The Act concerning the Washington Street Bridge in Norwalk (16 Special Laws, p. 490) uses the word "bridge" as including the steel draw and approaches as well as the concrete bridge proper.

Argued January 24th—decided April 17th, 1913.

APPEAL by the plaintiff from a judgment of the Superior Court in Fairfield County, *Holcomb, J.*, accepting the report of a committee and awarding one of the defendants $4,285 as damages for taking her land for bridge and park purposes. *No error.*

*John H. Light* and *John J. Walsh,* for the appellant (plaintiff).

*John C. Chamberlain,* for the appellees (defendants).

WHEELER, J.    This is an appeal from the judgment entered upon the acceptance of the report of a committee assessing damages to the defendant Kate H. Podmore, for land and building taken by the plaintiff town of Norwalk for bridge and park purposes pursuant to a Special Act (16 Special Laws, p. 490).    No formal judgment was entered upon the appointment of the committee to assess the damages to the claimants or owners of the land and buildings taken for the new concrete bridge, steel draw, and approaches to be constructed in place of the existing Washington Street bridge in Norwalk.    Nor are the jurisdictional facts, as recited in the application, which were necessary to be found before such appointment could be made, referred to in the order of appointment or in the judgment appealed from.    The parties have assumed that the order appointing the committee presupposed such a finding, and so it undoubtedly did, either after hearing had or stipulation of the parties.    These facts should have appeared either in the judgment or order of appointment, or in the judgment upon the report.    We shall treat these facts as a part of the record, as the parties have.

The said defendant is in possession of, and is the owner of, the tract of land between high and low water, described in the application, which abuts upon the south side of the present Washington Street bridge. She acquired title by two quitclaim deeds, and her title consists of the right or franchise which in this State may be obtained in or to land below high water. The report finds that she is the owner of the land in question; in view of that finding, it is immaterial whether her ownership came through quitclaim deeds or otherwise.    This land is within the limits of the lands required for the layout of said bridge and park. The surface of the soil on each side of the bridge, over

which the tide ebbs and flows, is five feet below the traveled portion of the bridge, except where built upon and reclaimed by the abutting owners. The town of Norwalk maintains a fence three feet high, except where the abutting property has been built upon, and the fence is a necessary protection to the public. A considerable, if not the greater, portion of the property abutting on the bridge has been built upon, and the fence removed, so that such abutting owners have free access to the bridge. There is a fence in front of the defendant's property, except as to the twenty feet in front of a building, which was removed when the building was erected. This fence prevents access to the bridge from the defendant's land, and the defendant can neither have access to a highway from her land, except to said Washington Street bridge, nor to the water below low water.

The committee in its report assessed the damages as follows: "If the law is so that the respondents have the right of access from said premises to the highway and bridge in front of the same, the committee assess damages for the taking of said premises in the sum of $4,285. If the law is so that the respondents have no right of access from said premises to the highway and bridge in front of the same, then the committee assess damages for the taking of said premises in the sum of $1,300."

The court found that the defendant had the legal right of access to said bridge along the entire front of her premises, and thereupon rendered judgment for said larger sum. The ground of appeal is the holding of the court that the defendant has the legal right of access along her entire front.

The plaintiff's argument proceeds upon the theory that the structure in front of the property of the defendant was a part of a bridge and not a part of the

highway, and that, while the owner abutting upon the highway owns to its middle and has a right of access to it, the owner abutting on the bridge does not own to its middle and has no right of access to it. The trial court held that the part of said structure east of the drawbridge was the approach to the bridge and highway, rather than a part of the bridge, and hence the defendant abutting upon the approach had the right of access to it.

The word "bridge," as used in public and private statutes, may include abutment, embankment, and approach. No necessary legal meaning attaches under all circumstances to the use of this term; each instance is controlled by its own circumstances, by the intention of the legislature as disclosed by these. The approach to a bridge may sometimes be regarded as a part of the bridge itself, and sometimes as a part of the highway leading to the bridge. *Phillips* v. *East Haven*, 44 Conn. 25, 30; *New Haven* v. *New York & N. H. R. Co.*, 39 Conn. 128, 130; *Cullen* v. *New York, N. H. & H. R. Co.*, 66 Conn. 211, 225, 33 Atl. 910. The report of the committee does not present the circumstances sufficiently to enable us to know from them the probable intention of the legislature as to whether this be approach or bridge. We know the distance from the abutment of the drawbridge to the abutment on the westerly side of Wheeler Place to be five hundred and fifty feet, and that the soil on either side of the structure is mud flats between high and low water and five feet beneath it, and that the part abutting this structure has been largely built upon. We do not know in what manner the structure abutting upon these owners has been built, nor its relation to the part below high water, nor do we know in what way the abutting owners have reclaimed. We cannot definitely tell, from the circumstances presented, whether the

part of the structure abutting these owners is a part of the bridge, or an approach to the bridge. The Act itself repeatedly used the term "bridge" to include the entire structure, the new concrete bridge proper, with its steel draw and approaches. The report of the committee uses the term in the same sense, indicating its conclusion that the bridge included the structure in front of the defendant's land. The part of the structure built over the mud flats is necessary to make the drawbridge proper accessible. "Under the common law, and generally under the statutes in this country, a bridge includes the abutments and such approaches as will make it accessible and convenient for public travel." *Chicago* v. *Pittsburgh, Ft. W. & C. Ry. Co.*, 247 Ill. 319, 322, 93 N. E. 307; *Regina* v. *Sainthill*, 2 Ld. Raym. 1174; *Tolland* v. *Willington*, 26 Conn. 578, 582; *Howington* v. *Madison County*, 126 Ga. 699, 700, 55 S. E. 941; *Schell* v. *German Flatts*, 104 N. Y. Supp. 116, 118; 1 Elliott on Roads & Streets (3d Ed.) § 35. In some cases "bridge," as used in certain statutes, does not include the approaches. *State ex rel. Judson* v. *County Commissioners*, 68 Conn. 16, 35 Atl. 801; *New Haven and Fairfield Counties* v. *Milford*, 64 Conn. 568, 30 Atl. 768.

In this state of the record, we cannot conclude, as the trial court did, that the part of the structure east of the east abutment of the bridge was "approach" to the bridge and hence highway, and not a part of the bridge and so not highway. We must hold that "bridge," as used in this Act, included the entire structure, from the abutment of the drawbridge to the westerly side of Wheeler Place as well as the part below high water.

It does not follow, as the plaintiff assumes, that because the structure in front of the defendant's land is a part of the bridge she has no right of access to its

traveled part. At common law a bridge, including approaches connecting parts of a public highway, is a part of the highway and makes it passable and convenient for public travel. *Westfield Borough* v. *Tioga County*, 150 Pa. St. 152, 153, 24 Atl. 700; *Commonwealth* v. *Central Bridge Corporation*, 66 Mass. (12 Cush.) 242, 245; *People* v. *Commissioners*, 4 Neb. 150, 158; *Blais* v. *Franklin*, 31 R. I. 95, 123, 77 Atl. 172. "The term 'bridge' conveys the idea of a passage way by which travelers are enabled to pass over streams or other impediments to free passage. . . . A public bridge is an essential part of a road, and 'the erecting of a bridge is but the laying out of a highway.'" 1 Elliott on Roads & Streets (3d Ed.) §§ 31, 32.

The liability for the construction and maintenance of the bridge proper, and its approaches, may be upon different parties; and the liability for accidents happening upon the bridge proper, and upon the approaches, may fall upon different parties. For purposes such as these, the bridge proper is often distinguished from the approaches and the rest of the highway; but these distinctions, made for such purposes, are not at all decisive of the character of the bridge proper or the approaches in their relation to the general public or the abutting owners. The right of the public to use all parts of a bridge for public travel is the same upon the bridge proper as upon the approach. The term "bridge" is not confined to a structure built over water; it applies equally if built over a ravine or depression in the highway. If a highway be laid out, and as a part of it a bridge with approaches be built across a ravine, the owner of abutting land, over which the bridge with its approaches passes, has the right of access to the approach in front of his property in the same way he would have had the right had the highway conformed to the surface of the adjoining land.

*Sandpoint* v. *Doyle,* 14 Idaho, 749, 95 Pac. 945. If
the highway be laid out across mud flats over which
the tide ebbs and flows, the occupancy of the soil for
the highway deprives the owner of his right of reclama-
tion; so long, at least, as it is occupied by the public,
he has no right or interest in it. *Tolland* v. *Willington,*
26 Conn. 578, 582. All the interest he had has been
taken. Hence, there is no presumption that such
abutting owner owns to the middle of the highway.
But he does have the right of access from his abutting
land to the highway. His interest in the soil, though a
mere franchise, may be sold apart from the upland.
Subject to the right of navigation, he may reclaim,
and, when he does, it becomes upland, and generally
with all of its incidents. *Ockerhausen* v. *Tyson,* 71
Conn. 31, 38, 40 Atl. 1041; *Ladies Seamen's Friend
Society* v. *Halstead,* 58 Conn. 144, 150, 151, 19 Atl. 658;
*Lane* v. *Harbor Commissioners,* 70 Conn. 685, 40 Atl.
1058; *Farist Steel Co.* v. *Bridgeport,* 60 Conn. 278, 282,
22 Atl. 561. To deny him the right of access to an
adjoining highway would make his ownership of land
not attached to the upland, and his right of reclama-
tion, of little or no value. When the land has been
reclaimed, he has the same absolute right of access as
any other owner abutting upon a highway. The right
of access exists whether the abutting owner owns the
soil to the middle of the highway or not. *Brakken*
v. *Minneapolis & St. L. Ry. Co.,* 29 Minn. 41, 42,
11 N. W. 124. The right of access is a property right
appurtenant to his land through which the public
highways are open to him in common with all other
citizens. Over land abutting that part of this bridge
which spans the water below low water, the right of
reclamation, in all probability, could not exist, since
it would be an interference with the right of navigation,
and since access could not be had without injury to

the bridge and to public travel. Over the defendant's land abutting that part of this bridge which is above the point of low water, the right of reclamation exists; and, wherever reclamation may be and has been had, access to the abutting highway is a settled property right of the abutting landowner, provided no substantial injury be done the highway or the bridge structure, or the public travel be made unsafe. The defendant may reclaim her land and have access to the highway from it, and ordinarily use her land so reclaimed for any purpose other land adjoining a public highway may be used, provided no substantial injury be done the highway or the bridge structure, or the public travel be made unsafe.

As the greater number of owners abutting upon the Washington Street bridge have built upon their land and are using their buildings in connection with the highway, and have done so, so far as appears, without protest from the town, it would seem that the parties have acted upon the theory that this land had the right of access to the bridge and the system of public highways, until the assessment of damages in this case.

The trial court adopted the correct rule in including in the assessment of damages to the defendant her right of access.

There is no error.

In this opinion the other judges concurred.