[No. 21216. Department Two. September 25, 1928.]

G. WARD KEMP, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

*G. Ward Kemp*, for appellant.

*Thomas J. L. Kennedy* and *J. Ambler Newton*, for respondent.

[1]Reported in 270 Pac. 431.

MAIN, J.—This action was brought to restrain the defendant city, acting through its city council, from vacating a portion of a certain street. The cause was tried to the court without a jury and resulted in a judgment dismissing the action, from which the plaintiff appeals.

The facts are these: The plat of the Pontius Second Addition to the city of Seattle was filed for record March 1, 1882. Through this plat from east to west, one of the streets is East John street. The plat of Crawford's Addition to the city of Seattle was filed for record March 29, 1882. On the west side of this plat was a street now known as Boylston Avenue North. On the north side of the plat, was a street designated East John street. The south line of East John street to the east of Boylston Avenue North is some feet north of the north line of East John Street to the west of Boylston Avenue North. The result was at this point a jog in East John street.

The appellant owns lots 9 and 10 in Crawford's Addition, the latter lot being the northwest lot of the plat. The west line of these lots coincides with the east line of Boylston Avenue North. They are directly across the street to the east from the east end of East John Street which is west of Boylston Avenue North. The east end of this street coincides with the west line of Boylston Avenue North.

Without mentioning the dates, the city has laid out and constructed what is called Olive Way, which comes from the southwest, crosses East John street west of Boylston Avenue North, takes a portion of appellant's lot 10 and a portion of the property across the street. Olive Way is one of the principal thoroughfares leading from the business section of the city to the residence district to the east. The city is proposing to vacate the south twenty feet of East John street to

the west of Boylston Avenue North and to the east of Olive Way. To this, the appellant objects because it will interfere with the view which his property now has to the west.

The question is whether appellant's property abuts upon the east end of East John street, which coincides with the west boundary line of Boylston Avenue North, which is a street twenty-six feet wide.

A property owner whose property does not abut upon a portion of a street which it is proposed to vacate or which is obstructed has no right of action to restrain the vacation or prevent the obstruction unless the access to his property is interfered with and he suffers a special or peculiar damage differing in kind from that of the general public. In *Freeman v. Centralia,* 67 Wash. 142, 120 Pac. 886, Ann. Cas. 1913D 786, it was said:

"It is contended that appellants have a right to the use of the streets upon which their property abuts for its entire length, and are entitled to compensation as abutting owners, if any part of the street is vacated. Authority upon the particular proposition advanced is divided; but this court has, in several cases, aligned itself with the great majority of American courts in holding that a property owner does not come within the rule of compensation unless his property abuts upon or touches that part of the street which is actually vacated, or a special or peculiar damage is made to appear; or, to state the proposition in its elementary form, unless his injury differs in kind rather than in degree from that suffered by the general public."

The cases of *Ponischil v. Hoquiam Sash etc. Co.,* 41 Wash. 303, 83 Pac. 316, and *Mottman v. Olympia,* 45 Wash. 361, 88 Pac. 579, are to the same effect.

With reference to light and air, the rule is that a property owner whose property does not abut upon the portion of the street or alley sought to be vacated has no right to complain because of the shutting off of

light and air from his property. In *Taft v. Washington Mutual Sav. Bank,* 127 Wash. 503, 221 Pac. 604, after an extensive review of the authorities, it was said:

"Under the above authorities, we conclude that the correct rule is that only those directly abutting on the portion of the street or alley vacated, or alleged to be obstructed, or those whose rights of access are substantially affected, have such a special interest as to enable them to maintain an action. The further rule, deducible from our own cases and the authorities generally, is that owners of property abutting on a street or alley have no vested right in such street or alley except to the extent that their access may not be unreasonably restricted or substantially affected. Owners who do not abut, such as respondents here, and whose access is not destroyed or substantially affected, have no vested rights which are substantially affected."

In that case, a non-abutting property owner sought to prevent the vacation of a portion of an alley because it would interfere with the light and air coming to his property. It was there distinctly held that the plaintiff's property not abutting upon the portion of the alley vacated, he had no right to complain.

If the complaining owner's property abuts upon the portion of the street sought to be vacated or obstructed he has a right to restrain such vacation or obstruction because, as said in *Fry v. O'Leary,* 141 Wash. 465, 252 Pac. 111,

". . . he is entitled to use the whole thereof for egress and ingress, light, air and view, and for any substantial or material diminution of any of these rights he is entitled to recover in damages."

In that case the property of the plaintiff abutted upon the portion of the street sought to be vacated. In this respect it differs from the *Taft* case where, as pointed out, the complaining owner's property did not abut upon the portion of the alley sought to be va-

cated. The *Fry* case in no sense conflicts with or overrules the *Taft* case, and under the latter case, a nonabutting property owner cannot complain of the shutting off of light and air from his property. View, of course, must be classed with light and air and not with ingress or egress.

This brings us to the question as to whether the appellant's property abuts upon the east end of East John street. Property is said to abut upon a street or highway when there is no intervening land between it and such street or highway. In *Kneebs v. Sioux City*, 156 Iowa 607, 137 N. W. 944, it is said:

"It is abutting property when there is no intervening land between it and the street."

Likewise, in *Millan v. City of Chariton*, 145 Iowa 648, 124 N. W. 766, it is said:

"By the term 'abutting property' is meant that between which and the improvement there is no intervening land."

When property abuts, the lot line and street line are in common. In *Northern Pacific R. Co. v. Douglas County*, 145 Wis. 288, 130 N. W. 246, it is said:

"It is also quite plain that 'abutting' and 'adjacent' were not used synonymously. One was to characterize any parcel of real estate having a street and lot line in common. The other was to characterize one not in part bounded by a street line."

From the facts stated, it appears in the case now before us that the west line of the appellant's lots coincides with the east boundary line of Boylston Avenue North. The east end of East John street, which is in question, coincides with the west line of Boylston Avenue North. Boylston Avenue North, a street twenty-six feet wide, lies between the east end of East John street and the west marginal line of the appellant's property. It follows, therefore, that lots 9 and

10 of Crawford's Addition abut upon Boylston Avenue North, but do not abut upon the east end of East John street which is across that avenue to the west.

It is said, however, that since the city laid out and constructed Olive Way a different situation is presented, and that the appellant's property abuts upon all that portion of East John street which is to the east of Olive Way. When Olive Way was laid out and constructed, it in no manner interfered with East John street other than to cross it. East John street remained a street just as it had prior to that time. The two streets, it is true, intersect and in that intersection both cover the same ground. The fact that Olive Way crosses East John street does not destroy or make the place of crossing something else than East John street. It becomes the intersection of the two streets.

Something has been said about the city being estopped because the appellant's property has, from time to time, been assessed for the improvement of East John street as well as Olive Way, but we see no basis for an estoppel. If the city, by assessing lots for a local improvement, thereby estopped itself from vacating any of the streets which were within the improvement, it would be possible for a property owner, in a district a number of blocks from the proposed vacation, if it should subsequently be desired to vacate one or more of the streets, to object to such vacation, and this regardless of whether ingress or egress, light, air or view were interfered with. The city by assessing the appellant's property for the improvement did not estop itself from vacating the portion of East John street now in question.

The judgment will be affirmed.

ASKREN, BEALS, and HOLCOMB, JJ., concur.