MESSINGER ET AL. *v*. CITY OF CINCINNATI ET AL.

(Decided January 13, 1930.)

*Mr. Clarence H. Hallman* and *Mr. Hugh L. Nichols,* for plaintiffs.

*Mr. John D. Ellis,* city solicitor, and *Mr. Milton H. Schmidt,* for defendants.

HAMILTON, J.   The plaintiffs, Joseph Messinger

and Katherina Messinger, appellees here, brought suit against the defendants, the city of Cincinnati and others, appellants here, to enjoin the taking effect of an ordinance vacating 15 feet of the end of a street in the city of Cincinnati, on the ground that the ordinance was not passed by the city council according to law, and is therefore void.

There are allegations in the petition other than the attack on the procedure in passing the ordinance, which are not necessary to be set forth here.

The questions involved in this lawsuit are new and are of first impression in Ohio. The facts which give rise to the legal questions are as follows:

Teakwood avenue is a short street in College Hill, a suburb in the city of Cincinnati, and runs east and west for a few squares, ending at the east corporation line of the city. The plaintiffs are the owners of a tract of land of about 28 acres east of the end of Teakwood avenue and adjacent to the corporation line. The west line and part of the south line of plaintiffs' property are also the east and north corporation lines of the city of Cincinnati.

In 1927 the plaintiffs had their property surveyed and laid out in lots for subdivision purposes. The plat of the subdivision was prepared and presented to the planning commission of the city of Cincinnati, in accordance with the provisions of General Code, Section 3586-1, which section gives the planning commission jurisdiction of subdivisions outside the city, within three miles of the corporation line. The planning commission required certain restrictions and stipulations in the plat, to which the plaintiffs agreed, and the plat was made to conform to the requirements of the planning commission, after which

the planning commission approved the plat. The plat was then left with the county recorder for record April 26, 1927. The plat, as approved by the planning commission, provided for the extension of Teakwood avenue through the Messinger subdivision.

At the end of Teakwood avenue was a constructed curb. The plaintiffs applied for a permit to cut this curb, in order to proceed with the construction of Teakwood avenue through the subdivision, as platted. · This permit was first given, and then cancelled by the officers of the city. Thereupon, a petition was filed with the council of the city of Cincinnati, requesting the vacation of 15 feet of Teakwood avenue at its eastern terminus. This vacation would, in effect, cut Teakwood avenue, by taking out 15 feet thereof at the corporation line. The petition was sent to the city planning commission, and was disapproved by that body.

The consent of the two property owners to the vacation of said 15 feet, one on the north and one on the south, was filed with the council of the city of Cincinnati, and the ordinance was passed by a two-thirds vote of council, over the disapproval of the planning commission, on June 15, 1927.

There was no consent of the Messingers to the vacation of this street filed, nor was there any publication for six weeks of the notice to vacate. Publication was dispensed with on the theory that the consent of the abutting owners on the north and on the south was the consent of all the abutting property owners, and therefore that publication was not required under the statutes.

The first question then is: Is this ordinance null and void for failure to publish notice for six weeks?

The statutes bearing on the question are Sections 3727 and 3728, General Code, which read as follows:

"Notice of the intention of council to vacate any street, alley, avenue, or part thereof shall, in all cases, be given as provided in the next section, except when there is filed with council written consent to such vacation by the owners of the property abutting the part of the street or alley proposed to be vacated, in which case such notice shall not be required."

"No street or alley shall be so vacated or narrowed, unless notice of the pendency and prayer of the petition be given by publishing in a newspaper published or of general circulation in such municipality, for six consecutive weeks preceding action on such petition, or, where no newspaper is published in the corporation, by posting the notice in three public places therein six weeks preceding such action. Action thereon shall take place within three months after the completion of the notice."

That the proceeding under the statutes to vacate streets must be strictly followed was decided by this court in the case of *American Security & Trust Co. v. City of Cincinnati,* decided March 28, 1927, in which this court said: "It is the law that the proceedings to vacate streets are statutory, and must be strictly followed."

Section 3727, General Code, provides that: "Notice of the intention of council to vacate any street * * * shall, in all cases, be given as provided in the next section, except when there is filed with council written consent to such vacation by the owners of the property abutting the part of the street

\* \* \* proposed to be vacated, in which case such notice shall not be required.''

As above stated, plaintiffs did not file their written consent, so that, if they are owners of property abutting the part of the street proposed to be vacated, publication of notice was necessary to make the ordinance valid.

In this connection it is argued that if the owners are held to be abutting owners notice was waived by their appearance in council, opposing the passing of the ordinance; that they had notice of the pendency of the ordinance. This position is not tenable for the reason that, as heretofore stated, council may not vacate a street except in the manner provided by the statutes, and power to do so cannot be delegated, nor can the statutes be waived. While some authorities are cited tending to the view that the property owner under some circumstances may waive notice, in so far as they relate to the vacation of streets we are not in accord therewith. Written consent or publication of notice is prerequisite to the passing of a valid ordinance.

It is argued that the plaintiffs are not abutting owners within the meaning of the statute, as their property is at the end of the portion of the street sought to be vacated, and is without the corporation line.

There is a line of cases which hold that property lying at the end of such street is abutting property, and there are other cases holding the contrary. These cases, however, are decided, with possibly one or two exceptions, upon the question of the right to petition for an improvement, or concerning assessments for improvements. The statute, Section 3727,

makes no distinction as to the purpose. It uses the general language, "except when there is filed with council written consent to such vacation by the owners of the property abutting the part of the street," etc. "Abutting" is a word of common usage. The lexicographers define it to mean: "To end;" "to border on;" "to touch." "Abutting" means "any property that abuts or adjoins." How, then, can it be said that the plaintiffs' property, across the entire end of the portion of the street sought to be vacated, does not abut the street within the commonly accepted meaning of that term?

It is argued as against this proposition that there could be no assessments against the property, and that the plaintiffs could not petition for improvements. This is true for the reason that the plaintiffs are nonresidents of the city of Cincinnati, and their property is without the boundary of the city. But this does not change the situation that the property does in fact abut, if other rights depend upon this fact.

We think the weight of authority and the better reasoning is that property abutting the end of a street sought to be vacated is abutting property, requiring publication where the consent of the owner is not filed.

It is suggested that the plat which plats an extension of Teakwood avenue is a dedication of the street to the public use, and therefore this property is no longer the property of the plaintiffs.

We do not understand that the mere recording of a plat takes away the proprietary interest that the platters have in the property, so long as it is unimproved. Moreover, the plaintiff's property outside

the platted street abuts at the northeast and southeast corners of the part of the street sought to be vacated.

The next proposition is the question of the capacity of the plaintiffs to maintain this action, since their property lies wholly outside the corporate limits of the city of Cincinnati. This question is not without difficulty. At first blush, it would seem that a nonresident of the city would have no capacity to interfere in the control of council over the streets, which control is given it by the statutes. However, we are confronted with Section 3586-1, General Code, giving the planning commission, an administrative body of the city, jurisdiction over subdivisions outside the city limits. The constitutionality of Section 3586-1, General Code, is not before us. We therefore consider this case in connection with the power given the planning commission under the section.

This section requires the submission to the planning commission of the plat of the subdivision, and the approval of the plat before the recording thereof. The section provides that the planning commission "may adopt general rules and regulations governing plats and subdivisions of land falling within its jurisdiction to secure and provide for the coordination of the streets within the subdivision with existing streets and roads or with the city or village plan or plats," etc.

We, therefore, have the situation of the planning commission requiring the plaintiffs to plat their subdivision and requiring the coordination of the streets of the subdivision with existing streets, which in this case would be the extension of Teakwood avenue, co-ordinating with the existing Teakwood avenue.

The city, through one of its administrative bodies, required plaintiffs to conform to Teakwood avenue, and provide for its extension, while another body of the city seeks to prevent and to take away all rights thereunder by cutting the street at the corporation line. This action appears to this court to be inequitable and unfair to plaintiffs. They acquired equitable rights by reason of the action of the planning commission, in so far as it affects their subdivision and the ingress and egress thereto.

The case of the *City of Gary* v. *Much*, 180 Ind., 26, 101 N. E., 4, involved the following facts: Much owned a tract of land abutting upon Lake Michigan on the north, and bounded on the east by Clark Road. The tract had a frontage of something over 463 feet on Clark Road, and the center of the road was the eastern line of Much's property. The town of Gary was incorporated, and annexed the territory through which Clark Road ran, from the village to the lake, except the west half of this roadway, adjoining the property of Much on the east side thereof. The city of Gary thereupon vacated the half of Clark Road which was within the boundaries of its corporation. The court held in the seventh paragraph of the syllabus:

"One owning property abutting on a highway, the center of which forms the boundary line of a city, may obtain injunctive relief against the attempt of such city to vacate that portion of the highway within its corporate limits, upon showing a special interest in the highway and that he will be specially and peculiarly damaged by such vacation."

The case under consideration has more substantial grounds calling for the interposition of a court of

equity than the *Much case.* Much did not own property abutting the corporation line. In the case under consideration the plaintiffs owned all the property affected by the vacation of the 15 feet in question.

It is argued that the plaintiffs had other access to their property from the south side. That this would not give proper access to a subdivision requires no argument. The closing of Teakwood avenue would deprive the plaintiffs of their main entrance to their subdivision, which entrance was provided for and the street dedicated upon the demand of the planning commission of the city of Cincinnati.

Enough has been said to show that the plaintiffs have such an interest in the matter as would give them legal capacity to challenge the validity of the ordinance which vacated and closed the street.

Our conclusion is that the plaintiffs have the legal capacity to maintain this action; that they are abutting owners within the meaning of Section 3727, General Code, requiring publication under Section 3728, General Code, that they did not, if they could, waive the publication required by the statute; and it being admitted that no publication was made, and no written consent for such vacation filed by the plaintiffs, the plaintiffs are entitled to the injunctive relief prayed for.

*Injunction allowed.*

CUSHING, P. J., and Ross, J., concur.