ROYAL TRANSIT, INC., Respondent, vs. VILLAGE OF WEST MILWAUKEE, Appellant.

*February 5—March 2, 1954.*

For the appellant there was a brief and oral argument by *Allen J. Busby,* attorney, and *C. R. Dineen* of counsel, both of Milwaukee.

For the respondent there was a brief by *Eugene Wengert,* attorney, and *Erbstoeszer, Cleary & Decker* of counsel, all of Milwaukee, and oral argument by *John A. Decker.*

MARTIN, J. Plaintiff is an Illinois corporation having its Milwaukee office and truck terminal at 735 South Thirty-Ninth street in the village of West Milwaukee. Its business is that of common motor carrier of property in interstate commerce. It owns a tract of land fronting on South Thirty-Ninth street and extending west for a depth of about 286 feet. It also leases a strip of land along the west line of its property, said leased land being 30 feet wide and running some 400 feet north and south. The line at which plaintiff's land and the leased land joined coincides with the center line of South Fortieth street extended north, but the north end of South Fortieth street dead-ends at the south line of plaintiff's lands, which dead end is approximately 360 feet north of West National avenue.

On June 16, 1952, defendant village adopted an ordinance declaring South Fortieth street north of West National avenue restricted against heavy traffic and in January, 1953, erected a barricade at the north terminus of said street extending the full width of the street. Prior to the erection of the barrier plaintiff's vehicles had used the north end of the street to enter and leave the truck terminal. Plaintiff has no property on either of the lateral boundaries of South Fortieth street.

Sec. 80.47, Stats., provides, in part:

"The owners of land abutting on any highway, street, or alley shall have a common right in the free and unobstructed use thereof to its full width, . . ."

It must be made clear from the outset that there is but one question involved, that of plaintiff's right of access to its property from South Fortieth street. The various issues raised by appellant grow out of the question whether plaintiff's property "abuts" on South Fortieth street within the meaning of the statute.

This court has never considered the precise question, but the United States supreme court has observed that:

"The right of an owner of land abutting on public highways has been a fruitful source of litigation in the courts of all the states, and the decisions have been conflicting, and often in the same state irreconcilable in principle. The courts have modified or overruled their own decisions, and each state has in the end fixed and limited, by legislation or judicial decision, the rights of abutting owners in accordance with its own view of the law and public policy." *Sauer v. New York* (1907), 206 U. S. 536, 548, 27 Sup. Ct. 686, 51 L. Ed. 1176.

As to who is an abutter, it is stated in 10 McQuillin, Mun. Corp. (3d ed.), p. 657, sec. 30.55:

"When no land intervenes between the land of the abutter and the street, his property is said to 'abut.' If the property does abut, the lotline and streetline are in common. Of course, where there is no physical connection between the lotline and the streetline, the owner of the lot is not an abutter."

In our opinion this definition is the proper one to apply here. That part of sec. 80.47, Stats., referred to above simply states the common-law right of a property owner to the free and unobstructed use of streets and highways upon which his land abuts. There is nothing in the language or intent of the statute which requires a different interpretation of the word "abutting" than the general one given by McQuillin that the lotline and the streetline must be in common.

A number of authorities are cited in the briefs from this and other jurisdictions in which the word "abutting" has been defined, but most of such cases have concerned the rights of owners of land abutting on the lateral boundaries of the street and have, moreover, considered the meaning of the word in relation to questions other than that of access. We recognize that the rights and obligations of a property owner who has a reversionary interest in the street may be different from one whose property simply has a common line with the streetline, so far as improvements, assessments, and discontinuance of the street are concerned.

The only case which is squarely in point is *Johnson v. Watertown* (1944), 131 Conn. 84, 38 Atl. (2d) 1, 4, where the land owned by a cemetery association abutted the end of a public street in the same manner as plaintiff's property abuts the north end of South Fortieth street. When the association constructed a driveway from its land into the end of the street, other abutting property owners challenged its right of access, contending that because its land was located at the end and not on the side of the street it was not an abutting owner. The court there applied the definition set out above and said (p. 92) :

"Land abuts a street when there is no intervening land between it and the street. *Kneebs v. Sioux City,* 156 Iowa, 607, 137 N. W. 944; *Kemp v. Seattle,* 149 Wash. 197, 201, 270 Pac. 431; *Messinger v. Cincinnati,* 36 Ohio App. 337, 342, 173 N. E. 260. The defendant association as the owner of land abutting the westerly end of this public highway had the right of reasonable access to it. *Anzalone v. Metropolitan District Commission,* 257 Mass. 32, 36, 153 N. E. 325, 47 A. L. R. 897; 4 McQuillin, Municipal Corporations (2d ed.), secs. 1425.1, 1429. 'The right of access exists whether the abutting owner owns the soil to the middle of the highway or not.' *Norwalk v. Podmore,* 86 Conn. 658, 665, 86 Atl. 582, 584. See also *Newton v. New York, N. H. & H. R. Co.* 72 Conn. 420, 427, 44 Atl. 813."

Appellant cites *Friscoville Realty Co. v. Police Jury* (1910), 127 La. 318, 53 So. 578, where it was held that a sugar refinery whose property was located at the end of a road was not an abutting owner, but the case is distinguishable on the ground that no question of its right of access to the road was involved. In holding that the refinery was not an abutting owner the court was considering its right to join other property owners *along* the road in protesting the sale of a franchise for the operation of an electric-car system over the road as a deprivation of property in the abutting owners.

*Kingshighway Supply Co. v. Banner Iron Works* (1915), 266 Mo. 138, 181 S. W. 30, is likewise distinguishable. There suit was brought to nullify an ordinance vacating a portion of an alley which extended to the line of plaintiff's property; and the court held its property did not abut the alley, it had no right, title, or interest in the alley, and was not entitled to the relief sought.

Other cases relied upon by appellant are distinguishable either on this ground or on the ground that they are not concerned with the right of ingress and egress.

It is unnecessary to discuss that portion of sec. 80.47, Stats., which follows the language quoted above, since it relates to causes of action for damages resulting from the obstruction of streets and highways. Respondent has waived its claim for damages in this case and we are concerned solely with the question of the right of access of an abutting owner.

Appellant further contends that even if it be found that respondent's premises abut on South Fortieth street, it is not the owner thereof within the meaning of the statute since it leases the west 30 feet of the property. There is no merit in the contention. As lessee of the 30-foot strip along the west edge of its property, respondent has all the rights of the owner of such strip during the term of the lease. 51

C. J. S., Landlord and Tenant, p. 810, sec. 202 g. As stated in 25 Am. Jur., Highways, p. 448, sec. 154:

"The right of access to and from a public highway is one of the incidents of the ownership *or occupancy* of land abutting thereon. Such right is appurtenant to the land, and exists when the fee title to the way is in the public as well as when it is in private ownership." (Emphasis ours.)

There remains the question whether appellant has the right under its police power to erect and maintain the barrier in question. We hold that respondent cannot be deprived of the right of access to its property from the north end of South Fortieth street. While it is true that such right is subject to reasonable regulations under the police power of the village, it cannot, by virtue of such power of regulation, be prohibited. 25 Am. Jur., Highways, p. 449, sec. 154. It is conceded that the barrier in question extends across the entire width of the street and prevents access to respondent's property.

*By the Court.*—Order and judgment affirmed.