Gerald G. GEYSO and Helen M. Geyso,
Plaintiffs-Appellants,

v.

Richard DALY and Alice Daly,
Defendants-Respondents.

Court of Appeals

*No. 04–0748. Submitted on briefs November 10, 2004.—Decided
December 15, 2004.*

2005 WI App 18

(Also reported in 691 N.W.2d 915.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Michael S. Heffernan* and *Allen A. Arntsen* of *Foley & Lardner, LLP*, Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Richard Scholze* of *Konicek, Kaiser, Scholze, Wanasek & Zott, S.C.*, Burlington.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J. Gerald G. Geyso and Helen M. Geyso appeal from a judgment denying their request for injunctive relief. The Geysos sought to prohibit Richard Daly and Alice Daly from crossing the Geysos' property to reach County Highway D by any route other than the Dalys' main driveway. The jury returned a verdict in favor of the Geysos; however, the trial court changed the jury's answer to the first question of the special verdict and found, as a matter of law, that the Dalys' use of a second driveway to access County Highway D did not constitute trespass. We disagree, reverse the judgment, and remand with directions to reinstate the jury verdict.

## BACKGROUND

¶ 2. The Geysos and the Dalys live on opposite sides of County Highway D in Kenosha county; the Geysos live on the west side and the Dalys live on the east side. This case arises from the fact that County Highway D, including the right-of-way on the east side of the highway, is part of the Geysos' property. The boundary between the Geysos' and the Dalys' properties is the eastern edge of the right-of-way.

¶ 3. The Dalys can access County Highway D using three routes, two of which cross the right-of-way on the Geysos' property. Of those two, one is the Dalys' main driveway and the other is a barnyard entrance ("second gate"), which lies approximately sixty feet

south of the main driveway. The Geysos do not dispute the Dalys' right to access County Highway D using the main driveway, but contend that the Dalys do not have permission to access County Highway D by crossing the Geysos' property at the second gate.

¶ 4. These two families have been neighbors for decades. Problems between the two surfaced in the 1990's when the Geysos noticed an increased use of the second gate and found debris, silt, and gravel deposits left by the Dalys on the Geysos' property west of County Highway D. The Geysos also noticed that drain tiles originating on the Dalys' property drained onto the Geysos' property near the east edge of the County Highway D right-of-way.

¶ 5. In November 2002, the Geysos filed suit against the Dalys seeking an injunction prohibiting, among other things: (1) trespassing onto the Geysos' property except by use of the main driveway; (2) depositing debris, silt, and gravel onto the Geysos' property; and (3) maintaining drain tiles that terminate on and drain onto the Geysos' property. Both parties moved for summary judgment. The trial court denied the Geysos' motion and reserved ruling on the Dalys' motion. A trial by jury ensued, and the jury rendered the following special verdict:

> **QUESTION NO. 1:** Did Richard Daly and/or Alice Daly trespass on the property of Gerald G. Geyso and Helen M. Geyso by driving vehicles and farm equipment within the road right of way on the Geyso property?
>
> **ANSWER:** <u>Yes</u> (Yes or No)

479

**QUESTION NO. 2:** Did Richard Daly and/or Alice Daly trespass on the property owned by Gerald G. Geyso and Helen M. Geyso by pushing debris and stone onto the Geyso property?

**ANSWER:** Yes (Yes or No)

**QUESTION NO. 3:** Did Richard Daly and/or Alice Daly trespass on the property of Gerald G. Geyso and Helen M. Geyso by maintaining a drain tile outlet within the road right of way of the Geyso property?

**ANSWER:** No (Yes or No)

**QUESTION NO. 4:** Answer this question regardless of how you have answered any previous question:

What sum of money, if any, will fairly and reasonably compensate the plaintiffs, Gerald G. Geyso and Helen M. Geyso, for their monetary loss as a result of the trespass?

**ANSWER:** $62.00

¶ 6. The Geysos moved for judgment on the verdict, requesting that the Dalys be permanently enjoined from trespassing on the Geysos' property other than by use of the Dalys' main driveway. The Dalys moved to change the jury's answer to the first special verdict question from "yes" to "no" and requested that judgment be entered on the verdict so amended. The trial court granted the Dalys' motion, changed the jury's answer to "no," entered judgment denying injunctive relief to the Geysos, and limited the Geysos' recovery to $62 for damages as determined by the jury. The Geysos appeal the judgment.

## DISCUSSION

■

¶ 7. The question presented by the Geysos is whether the Dalys have a right to reasonable access to County Highway D or whether, as members of the public or as abutting landowners, the Dalys have an unlimited right of access. The trial court characterized the Dalys as members of the public and concluded that, as a matter of law, the Dalys did not trespass on the Geysos' property by using the second gate to access County Highway D. If there is credible evidence to support a jury's verdict, the trial court's amendment of that verdict will be set aside on appeal. *Bastman v. Stettin Mut. Ins. Co.*, 92 Wis. 2d 542, 548, 285 N.W.2d 626 (1979). Where, as here, a trial court decides a question of law on a motion to change or set aside the verdict, we review its decision de novo. *Greenlee v. Rainbow Auction/Realty Co.*, 202 Wis. 2d 653, 662, 553 N.W.2d 257 (Ct. App. 1996).

■

¶ 8. Trespass occurs when a person enters or remains upon land in the possession of another without privilege to do so. *Harder v. Maloney*, 250 Wis. 233, 238, 26 N.W.2d 830 (1947). The Dalys argue that their status as members of the public entitles them to use the second gate for County Highway D access because highways are for the public use, "upon equal terms, for any purpose consistent with the object for which they are established." *Park Hotel Co. v. Ketchum*, 184 Wis. 182, 183, 199 N.W. 219 (1924) (citation omitted). The Dalys contend that "[a]s members of the public, [they] have the right to utilize the public right of way for transportation purposes regardless of their status as abutting landowners." The trial court agreed, holding

481

that the Dalys "simply by driving or walking across that property cannot, as a matter of law, commit a trespass on that property because the right that [they have] as . . . member[s] of the public to do that is superior to any right that [the Geysos] might have to prohibit [their] use . . . ."

¶ 9. The Geysos, as owners of the land underlying County Highway D and the right-of-way, have the right to use this land in any way that does not interfere with the rights of the public. *See Spence v. Frantz*, 195 Wis. 69, 71, 217 N.W. 700 (1928). The Dalys, as members of the public, have but an "easement of passage" in the right-of-way and may use it only for highway purposes. *See Walker v. Green Lake County*, 269 Wis. 103, 111, 69 N.W.2d 252 (1955) (citation omitted). The Geysos concede that the "Dalys, once on the highway, have the same rights as the public to travel . . . on the paved surface and to use the unpaved portion of the right-of-way to the extent necessary to achieve the primary purpose of the public easement, which is travel along the roadway." Here, however, the Dalys' use of the second gate achieves a private means of ingress and egress that does not further the purpose of the public easement. We agree with the Geysos that the Dalys' use of the second gate is inconsistent with the rights of the general public; therefore, the Dalys cannot claim that the public easement grants them a privilege to enter onto the Geysos' property.

¶ 10. The Dalys also argue that their privilege to cross the Geysos' property stems from their status as abutting landowners. They cite WIS. STAT. § 80.47 (2001–02), for support: "The owners of land abutting on any highway . . . shall have a common right in the free and unobstructed use thereof to its full width . . . ."

They contend that the statute codifies the common-law right of a property owner to the free and unobstructed use of streets and highways upon which the property abuts. *See Royal Transit, Inc. v. Village of West Milwaukee*, 266 Wis. 271, 274, 63 N.W.2d 62 (1954).

¶ 11. Landowners whose property abuts a public roadway, but who have no ownership interest in the land under the roadway, are abutting landowners for purposes of access rights.[1] *See id.*

> The right of access to and from a public highway is one of the incidents of ownership . . . of land abutting thereon. Such right is appurtenant to the land, and exists when the fee title to the way is in the public as well as when it is in private ownership.

*Id.* at 277 (citation omitted).

¶ 12. The Dalys do not, however, have an unfettered right to access County Highway D by crossing the Geysos' property wherever they choose. In *Royal Transit*, our supreme court cited with approval the case of *Johnson v. Town of Watertown*, 38 A.2d 1 (Conn. 1944), and held that the right attributed to an abutting landowner is "the right of reasonable access." *Royal Transit*, 266 Wis. at 275 (citing *Johnson*, 38 A.2d at 4). We take guidance from this and other decisions which define the right of an abutting landowner as one of reasonable access. *See, e.g., Grossman Invs. v. State*, 571 N.W.2d 47, 50 (Minn. Ct. App. 1997) (abutting

---

[1] Generally, an abutting landowner owns to the center of the highway. *See Miller v. City of Wauwatosa*, 87 Wis. 2d 676, 680, 275 N.W.2d 876 (1979). Here, the Dalys do not own to the center of County Highway D because the land extending to the eastern edge of the highway and its right-of-way is privately owned by the Geysos.

landowner entitled to reasonably convenient and suitable access in at least one direction); *Maloley v. City of Lexington*, 536 N.W.2d 916, 921 (Neb. Ct. App. 1995) (abutting landowner's access right means reasonable ingress and egress "from his [or her] premises by way of the street"); *Hillerege v. City of Scottsbluff*, 83 N.W.2d 76, 85 (Neb. 1957) (abutting landowner has right of reasonable ingress and egress; "[t]he right of access does not extend to all points in the boundary between the abutting property and the street").

¶ 13. We recognize that most cases considering the issue of highway access do not involve private ownership of the land under and alongside the roadway. As *Royal Transit* demonstrates, however, the underlying principle of reasonable access applies when the property "is in the public as well as when it is in private ownership." *Royal Transit*, 266 Wis. at 277 (citation omitted). The issue, therefore, is whether the second gate is necessary to provide the Dalys with reasonable access to County Highway D. If not, the Dalys have no privilege to enter onto the Geysos' property using the second gate.

¶ 14. The question of reasonableness is one generally left to the jury. *See National Auto Truckstops, Inc. v. DOT*, 2003 WI 95, ¶ 21, 263 Wis. 2d 649, 665 N.W.2d 198. Here, the jury was instructed as follows: "An abutting landowner is one who owns land having a common boundary line with a road or road right-of-way. Abutting landowners have a right of reasonable access to and from the road or highway." It was also instructed on the definition of trespass and the public's right of "passage over the road and right-of-way . . . only for highway purposes." The jury returned its verdict, finding that the Dalys did trespass when

they drove vehicles and farm equipment on the right-of-way situated on the Geysos' property. The trial court overruled the jury's finding.

¶ 15. When a trial court changes the answer to a jury's special verdict, we defer to the verdict by applying the "any-credible-evidence" standard. *Foseid v. State Bank of Cross Plains*, 197 Wis. 2d 772, 787, 541 N.W.2d 203 (Ct. App. 1995). During the course of the trial, the jury heard testimony that the Dalys had lived on their current property since 1960, purchased it in 1974, and started using the second gate more frequently in recent years, particularly after they fixed up the barn in 1998–99. Richard Daly testified that he uses the second gate to bring hay to the barn, fill the silo, and load cattle. Gerald Geyso testified that the Dalys had two or three other entrances to the barnyard, none of which encroached on the Geysos' property. He further testified that he has never disputed the Dalys' right to use the main driveway to access County Highway D.

¶ 16. The record clearly supports the jury finding that the Dalys trespassed on the Geysos' property by driving vehicles and farm equipment on the right-of-way using the second gate. The jury's answer to the first question of the special verdict indicates that it believed the main driveway provided the Dalys with reasonable access to County Highway D. A jury verdict should be sustained if there is any credible evidence to support the verdict. *Morden v. Continental AG*, 2000 WI 51, ¶ 38, 235 Wis. 2d 325, 611 N.W.2d 659.

## CONCLUSION

¶ 17. We conclude that the jury's answer to the first question of the special verdict is supported by

485

evidence in the record and that the trial court's decision to change the jury's answer was error. We reverse the judgment of the trial court and remand with directions to reinstate the jury's answer to question number one of the special verdict and grant injunctive relief based upon the verdict.

*By the Court.*—Judgment reversed and cause remanded with directions.