[No. 10302.   Department Two.   July 19, 1912.]

KNICKERBOCKER COMPANY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL  CORPORATIONS — STREETS—ASSESSMENTS—PERMANENT OR TEMPORARY STREET REPAIRS. The city charter and statute authorizing improvements to be made by planking, a plank roadway is a "permanent" improvement and not repair work, for which an assessment can be made, where it was intended for use until it wears out.

SAME. The power to levy special assessment for a street improvement is not exhausted by being once exercised.

SAME—DISCRETION OF COUNCIL—REVIEW. It is entirely within the discretion of the city to determine the necessity of an improvement, its character, and the materials out of which it shall be constructed.

Appeal from a judgment of the superior court for King county, Myers, J., entered December 19, 1911, confirming an assessment roll, upon appeal from the city council. Affirmed.

*Charles A. Riddle*, for appellant.

*James E. Bradford* and *J. Richard Dillon*, for respondent.

[1]Reported in 124 Pac. 922.

FULLERTON, J.—The appellant owns certain real property situated in the city of Seattle abutting upon a street known as Maynard avenue. Sometime in April, 1909, the city of Seattle caused Maynard avenue to be improved by erecting thereon a plank roadway. The top of the way was at grade, and rested in part on posts set on mudsills, and in part upon piles driven in the ground. The cost of this improvement was taxed against the property benefited, among which was the property of the appellant. Subsequent to the erection of the roadway, the city caused the street to be filled with earth. In making the fill, the mudsills, posts, and piles composing the structure were not removed, but the earth was filled over and around them, perhaps because they were necessary to support the roadway while the filling was being carried on. In 1911, some two years after the wooden structure was completed, the city found it necessary to relay the surface planking on the street. To that end they passed an ordinance providing for the work. In this ordinance it was provided that the new surface should be laid on the dirt fill, and that so much of the old structure as was suitable for that purpose should be used in the new work. The city engineer, who had charge of the improvement, testified that practically fifty per cent of the material required to make the new surface was taken from the old structure; that the stringers, caps, and certain other of the materials therein were practically as good as new, while the planking over which the traffic passed was the only part of the structure that was so far decayed and worn out as to be unfit for further use. The following also appears as part of his testimony:

"Q. Now, the original work of this roadway or bridge, as also the planking under the ordinance we are now discussing, were both intended as temporary work until the earth fill should settle and a permanent paving take place? A. We figure that the planking we are doing now in that district will last until it can be paved, until it can settle satisfactorily, so that it can be paved."

The city sought to assess the cost of making the improvement upon the property benefited thereby, and assessed a portion thereof to the above mentioned property of the appellant. The appellant protested against the assessment before the city council, and on the disallowance thereof by that body, appealed to the superior court of King county, where the order was affirmed. From the order of the superior court, the present appeal is taken.

It is the appellant's first contention that a city of the first class in this state has power to make only such improvements as are permanent in their nature by special assessment of property benefited, and that the improvement in question here which the city has sought to make at the expense of its property is mere repair work, temporary in its nature, and not such as may be called permanent. But we cannot concede that the improvement here in question is a mere temporary improvement. The life of planking when used as a roadway is, of course, short. It was said by the city's engineer that, upon streets having the traffic that usually passed over this one, its life was not to exceed two years. But both the city charter and statute permit improvements to be made of planking, and when it is expected, as it is in the case at bar, to allow it to remain in use until it wears out, it is a permanent improvement, as contradistinguished from an improvement to be used for the time being only. It is true, the appellant's property was assessed to bear the cost of an elevated roadway erected along this street but two years before the present improvement was authorized, but this fact in no way militates against the present assessment. The power to make local improvements at the expense of property benefited, like the general power to tax, is a continuing power and is not exhausted by being once exercised. 4 Dillon, Municipal Corporations (5th ed.), § 1447.

And since the power to determine the necessity for an improvement, the character of the same, and the materials out of which it shall be constructed, are wholly within the

discretion of the city when not expressly controlled by statute, the courts are without power to set aside or annul assessments merely because they may not be in accord with the city officers as to the wisdom of the course pursued with reference to the manner in which a street is improved. This view of the question discussed renders it unnecessary to notice other questions suggested in the briefs.

The judgment is affirmed.

ELLIS, MOUNT, and MORRIS, JJ., concur.