[No. 26730. Department Two. December 9, 1937]

JOHN W. RUMSEY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 74 P. (2d) 214.

The *Attorney General* and *Browder Brown, Assistant,* for appellant.

*Robert F. Sandall,* for respondent.

BEALS, J.—Plaintiff is engaged in business as a construction contractor, and as such, during the month of November, 1935, was awarded a contract for the performance of a Federal Aid project, which included the construction of a roadway across the Nisqually flats, comprising a section of the new state highway from Olympia northerly to an intersection with the Pacific highway a short distance north of the Nisqually river. Under his contract, plaintiff was to construct approximately two thousand feet of the roadway, part on the south side of the Nisqually river, the remainder to the north. This portion of the road comprised an elevated causeway of reinforced concrete, the roadway being from twelve to fourteen feet above the level of the ground.

Plaintiff was a contributor to the accident and medical aid funds administered by the department of labor and industries, and a controversy arose between plaintiff and the department as to the amount which plaintiff should pay to the department; the latter ruling that payments must be made upon the basis of bridge construction, which plaintiff insisted was a higher rate than the character of the work justified. Plaintiff appealed from the ruling to the joint board of the department, which held that "the risk involved falls in the

bridge building classification, as set out in § 7676, Rem. Rev. Stat.," thereby affirming the departmental ruling. Plaintiff appealed to the superior court, which held in his favor, reversing the departmental ruling. From this adverse judgment, the department has appealed to this court.

Appellant assigns error upon the entry of one of the findings of fact and upon the entry of judgment in respondent's favor for the sum of $3,165.86, which amount respondent had paid under protest, and which the superior court held should be returned to him as an excess payment exacted by the department, based upon an erroneous classification.

No new evidence was introduced before the superior court, the matter having been heard upon the record made before the department.

The classifications and sub-classifications of employments, as classed and sub-classed, with rates to be paid the department of labor and industries, are found in Rem. Rev. Stat., §§ 7676 and 7676 (a) [P. C. § 3471], and later amendments thereto. These sections classify industries and set up the industrial insurance and medical aid rates for the respective classes. Class 2-1 (as appellant contends the same was in force at the time applicable to the contract with which we are here concerned) includes bridge building (steel, wood, concrete), bridge foundations, concrete culverts (or other types with span more than twelve feet), and trestles (framed or pile). This class calls for higher rates of payment than class 5-6, which includes concrete construction (not otherwise specified), and reinforced concrete construction (not otherwise specified).

The bridge over the Nisqually river was not included within respondent's contract, which included only a raised roadway, or causeway. Appellant contends that the work called for by respondent's contract was either

a bridge or bridge-work; and if it cannot be so classified, then it is a trestle or concrete piling.

 Appellant also argues that the construction constitutes an approach to the Nisqually bridge, and is therefore part of that structure. As to this latter contention, the question of when a roadway or viaduct constitutes an approach to a bridge is one of fact as well as of law, and the determination of this question must in each instance be based upon the peculiar facts as disclosed by the record. *Chicago v. Pittsburgh etc. Co.,* 247 Ill. 319, 93 N. E. 307, 139 Am. St. 329; *Norwalk v. Podmore,* 86 Conn. 658, 86 Atl. 582; *Coffin v. Laskau,* 89 Conn. 325, 94 Atl. 370, L. R. A. 1915E, 959.

The construction work accomplished by respondent approached the Nisqually river no nearer than one hundred fifty feet on either side thereof. The elevation of respondent's work above the level of the ground was practically constant; some of the adjoining roadway was filled in; and, considering the terrain, the length of the road constructed by respondent, and all the surrounding circumstances as disclosed by the record, we are clearly of the opinion that the construction work performed by respondent cannot be held to constitute an approach to the bridge over the Nisqually river. Between two sections of the work performed by respondent is some seven hundred feet of filled roadway not covered by respondent's contract. It was neither more nor less than an elevated roadway, and was no more an approach to the bridge than other portions of the road up to a mile or so distant. We hold that none of the construction work performed by respondent constituted an approach to the Nisqually bridge.

The record contains considerable evidence as to the nature of the construction work performed by respondent. From the record, the trial court found that the de-

partment had improperly classified the work as coming under class 2-1 instead of under class 5-6. One of the primary purposes of the legislature in classifying different kinds of work was to afford a proper basis for different rates to be paid to the department, the work involving greater hazards to pay higher rates.

The work is not a bridge. In the case of *Knickerbocker Co. v. Seattle*, 69 Wash. 336, 124 Pac. 922, it was held, in a case involving an assessment for local improvements, that an elevated roadway, constructed for the purpose of bringing a street up to an established grade, was not a bridge. In the course of the opinion, this court said:

"But the structure is clearly not a bridge in the common acceptation of that term. A bridge is 'a structure erected over a river or other water course, or over a chasm . . . to make a passage way from one bank to the other; anything supported at the ends which serves to keep some other thing from resting upon the object spanned . . . or which forms a platform or staging over which something passes or is conveyed;' while the present structure was merely intended to bring the surface of the street up to the established grade. It is no more a bridge proper than it would have been had the street been filled with earth to the required level and the top planked over. It was an elevated roadway."

In the case at bar, respondent under his contract constructed about two thousand feet of road, his contract calling for reinforced concrete construction and the physical situation of the ground requiring that the road be raised twelve or fourteen feet above the surface. Respondent constructed a causeway or an elevated roadway—neither a bridge nor an approach to a bridge.

Appellant contends that, if the construction is not a bridge, it is a trestle. One of the definitions of trestle,

as found in Webster's New International Dictionary (2d ed.), is:

"5. *Engin.* A braced framework of timbers, piles, or steelwork, usually of considerable height, for carrying a road, railroad, etc., over a depression."

An elevated roadway resting upon concrete piers or columns is not a trestle within the definition quoted, nor any other definition we have been able to find.

Appellant contends that this appeal presents only a question of law, but the basic fact as to the nature of the road constructed by respondent must first be determined and its classification fixed.

Appellant contends that this court should follow the ruling of the department as an administrative interpretation of the law applied to the particular facts of this case. It does not appear that any such administrative interpretation has acquired weight as a precedent which has been followed for a considerable period of time, and for that or for any other reason become entitled to consideration as an administrative interpretation.

We are convinced that the trial court correctly classified the work which respondent performed under his contract as "reinforced concrete construction," as described in class 5-6 of the section of the statute above referred to. The construction falls within no class described in class 2-1. This being true, the court properly ruled that respondent was entitled to recover the amount of overpayment which the department had required him to make; and the judgment in respondent's favor was right and the same is hereby affirmed.

STEINERT, C. J., MILLARD, and ROBINSON, JJ., concur.

GERAGHTY, J. (dissenting)—I think the department's classification was correct and, therefore, dissent.