City of Stamford *v.* Town of Stamford.

THE CITY OF STAMFORD *vs.* THE TOWN OF STAMFORD.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A declaratory judgment may properly be rendered in a suit to determine whether it is the duty of a town or of a city within the limits of such town, to maintain and keep in repair the roadways of bridges over railroads within the city.

It has been the established policy of this State since 1643 to impose upon towns the duty of making and repairing highways and bridges within the town limits, except where such duty belongs to some particular person. This policy is now embodied in § 1407 of the General Statutes.

The charter of the City of Stamford (11 Special Laws, 1893, p. 814, § 36) imposed on the city the duty of making and repairing highways within its limits, and upon the town of Stamford the duty of making, maintaining and repairing bridges, including the roadways over them. By Chapter 220, § 7, of the Public Acts of 1889 (now General Statutes, § 3719), the duty of repairing railroad bridges, including the roadways, was laid on the railroad companies, and so remained until May 23d, 1923, when § 3719 of the General Statutes was repealed by Chapter 186 of the Public Acts of 1923, which provided that the railroad should still be under the duty of maintaining the superstructure of railroad bridges, but that the duty of maintaining the roadway of and approaches to railroad bridges should be upon the municipality within which such bridges were situated and which had jurisdiction over them. *Held* that the duty of repairing roadways over railroad bridges after the passage of said Chapter 186, fell on the town of Stamford, and that such duty was never laid upon the city of Stamford by its charter.

Argued January 17th—decided March 1st, 1924.

SUIT to obtain a declaratory judgment determining whether the city or the town of Stamford is bound to maintain and repair the highway surface of overhead bridges crossing a railroad, brought to and reserved by the Superior Court in Fairfield County, *Brown, J.,* upon an agreed statement of facts, for the advice of this court. *Superior Court advised that the defendant*

*town is bound to maintain the roadways of overhead bridges crossing railroads within the territorial limits of the City of Stamford.*

*Clement A. Fuller,* for the plaintiff.

*Justus J. Fennel,* for the defendant.

WHEELER, C. J.   The purpose of this reservation is to secure a declaratory judgment as to whether it is the duty of the plaintiff or of the defendant to maintain and keep in repair the roadways of bridges over railroads, within the limits of the City of Stamford, under the following agreed statement of facts:   The territory of the city is included wholly within the territorial limits of the town of Stamford.   The plaintiff is under the duty to make, maintain and keep in repair within its limits all public highways, streets and roads, and has exclusive control thereof.   The defendant is under the duty to make, maintain and keep in repair, all bridges within its limits, and as a part of such duty is bound to make, maintain and keep in repair all bridges within the City of Stamford except as such duty may be changed or modified by Chapter 186 of the Public Acts of 1923.   There are overhead highway bridges in the city of Stamford crossing a railroad.   Until May 23d, 1923, railroad companies, by reason of § 3719 of the General Statutes, were obliged to keep in repair all structures over or under their tracks at any highway crossing, including the roadway and highway surface.   On May 23d, 1923, § 3719 was repealed by Chapter 186 of the Public Acts of 1923, which provides, in part, that the roadway of any bridge crossing a railroad and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated, and that the framework or superstructure of any overhead bridge crossing a

railroad, including the floor beams and stringers and its abutments or piers, shall be maintained and kept in repair by the company operating such railroad.

The question which we are asked to give our advice upon is not a difficult one. General Statutes, § 1407 (§ 2013 of the Revision of 1902) provides: "Towns shall, within their respective limits, build and repair all necessary highways and bridges, . . . except where such duty belongs to some particular person. . . ." The obligation arising under this statute imposed upon the defendant town the duty of keeping in repair the roadways of bridges over railroads within its limits, except where such duty had been imposed upon some public or private corporation or individual. When the City of Stamford was created in 1893, its charter (11 Special Laws, 1893, p. 814, § 36) provided: "and said town shall not be obliged to make or repair any highway within the limits of said city; *provided, always*, that the town of Stamford shall make, maintain, and keep in repair all bridges in said town, to the same extent as if this Act had not been passed." Taking into consideration the obligation imposed upon the town by § 2013 of the Revision of 1902 (now General Statutes, § 1407), in connection with this proviso of the Act of 1893, it seems an inescapable construction that the General Assembly did not then intend to relieve the town of its duty to maintain and repair roadways over the bridges within the limits of the city. At this time Chapter 220, § 7, of the Acts of 1889, had imposed the duty of maintaining and keeping in repair the structures of such bridges, and Chapter 244 of the Public Acts of 1893, amended § 7 of the Act of 1889 to read: "It shall be the duty of railroad companies to maintain and keep in repair all structures heretofore or hereafter erected over their tracks at any highway crossing, and the approaches to the crossing when the same are

made with plank surface, and also to keep in repair the surface of the highway, including the planking or other surface material of the highway upon such structure. . . ."

After the passage of this Act the duty of providing for the maintenance and repair of the roadways over bridges over railroads in the town of Stamford, then resting upon the town, was transferred to the railroad companies, where it remained until repealed by Chapter 186 of the Public Acts of 1923, which imposed upon the railroad the duty of maintaining and keeping in repair the framework or superstructure of the overhead bridge, including the floor beams, stringers, abutments and piers, and provided that the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated. The purpose of this Act was to relieve the railroad from the duty of maintaining and keeping in repair the roadway upon these overhead bridges; and when the duty was taken from the railroad, it again fell upon the town unless it has been placed upon the plaintiff.

The specific proviso in § 36 of the Act incorporating the plaintiff in 1893, appears as § 174 of the revision of the charter, in 17 Special Laws, 1915, p. 522, and again in the amendment to this section in 18 Special Laws, 1919, p. 206, § 1, in these terms: "From the time when this Act shall take effect said town shall not be obliged to make or repair any highway within the limits of said city, provided the town of Stamford shall make, maintain and keep in repair all bridges in said town to the same extent as if this Act had not been passed." So that the duty of maintaining the bridges, which included the roadways over them, had ever since the incorporation of the city been specifically placed upon the defendant town.

A bridge is a part of the highway, whether over a river, stream or railroad, and the roadway over it is a part of the bridge. *Norwalk* v. *Podmore*, 86 Conn. 658, 664, 86 Atl. 582. "The word 'bridge,' when used in a statute, may or may not include its approaches, according to the context and the circumstances of each case." *Phillips* v. *East Haven*, 44 Conn. 25, 30; *New Haven* v. *New York & N. H. R. Co.*, 39 Conn. 128, 130; *New Haven and Fairfield Counties* v. *Milford*, 64 Conn. 568, 573, 30 Atl. 768. As it is used in § 174, *supra*, its context clearly shows that it was not intended to include the approaches to the bridge. "The policy of this State," we say in *New Haven and Fairfield Counties* v. *Milford, supra*, "has always been to impose upon towns the duty and the burden of building and maintaining all necessary highways and bridges within their respective limits, except where such duty belonged to some particular person."

The Superior Court is advised, upon this reservation, that it is the duty of the defendant, the town of Stamford, to maintain and keep in repair the roadways of the bridges over railroads within the territorial limits of the City of Stamford.

In this opinion the other judges concurred.