## Waller, et al. v. Union County.

(Decided March 9, 1928.)

Appeal from Union Circuit Court.

1. Highways.—In proceeding by county under Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 et seq.) against road commissioners appointed under Ky. Stats., sec. 4307a-1, cost of acquiring rights of way for state highway held not payable out of funds raised by county bond issue under section 4356t-1, which preserved such funds intact for actual construction work and made cost of acquiring land payable from general fund; bonds being issued pursuant to Constitution, sec. 157a, and Ky. Stats., sec. 4307.

2. Highways.—General fund of county, from which cost of acquiring right of way for state roads must be paid, under Ky. Stats., sec. 4356t-7, is presumed to consist of proceeds of levy made for general purposes and of any surplus remaining from funds appropriated for specific purposes.

W. T. HARRIS for appellants.

L. C. FLOURNOY, JR., for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is a proceeding under the Declaratory Judgment Act (section 639a-1 et seq., Civil Code).

On June 12, 1926, at a special election held in Union county, pursuant to section 4307, Kentucky Statutes, the following question was submitted to the voters:

"Are you in favor of issuing $300,000 in bonds for the purpose of building roads and bridges?"

The election resulted in favor of issuing the bonds. In the order calling the election it was provided that:

"All the money raised by the sale of the bonds shall be used solely and alone for the building, construction or reconstruction of roads of asphaltum, concrete, brick, stone block, macadam, gravel or other processes of equal merit, and which fund shall be expended for the purpose of building, constructing and reconstructing the public roads and bridges on the primary roads of Union county, Kentucky."

The fiscal court of the county, pursuant to section 4307a-1 et seq., Kentucky Statutes, appointed the appellants as commissioners to handle the funds derived from the sale of the bonds. The state highway commission has let a contract for the construction of a road leading from Morganfield to a point in Union county opposite Shawneetown, Ill. Union county has been requested to acquire the necessary rights of way, in order that the contractor may proceed with the construction of the road, and, alleging that it had no funds available for such purpose, it instituted this action against members of the road commission, seeking a declaration of the rights of the parties.

It is the contention of the county that the road commission can be required to expend as much of the proceeds of the bond issue as may be necessary to obtain the necessary rights of way for the construction of roads in Union county in the primary system. The lower court, in declaring the rights of the parties, so held, and the defendants, who compose the road commission, have appealed. It is insisted for appellee that the cost of acquiring rights of way is a necessary and contemplated part of the cost of the construction of the public roads, and that the proceeds of the sale of bonds voted and issued under section 4307 of the statutes may be used for that purpose.

Section 157a of the Constitution provides that the credit of the commonwealth may be given, pledged, or loaned to any county for public road purposes, and that any county may be permitted to incur an indebtedness in any amount fixed by the county not in excess of 5 per cent. of the value of the taxable property therein for public road purposes, provided such additional indebtedness is submitted to the voters of the county for their ratification or rejection at a special election. After providing the manner of calling and holding such special election, section 4307, Kentucky Statutes, reads:

"Provided, however, that all the money raised by the sale of bonds shall be used solely and alone for the building, construction, or reconstruction of roads of asphaltum, concrete, brick, stone block, macadam, gravel or other processes of equal merit."

Section 4356t-7 provides in part:

"No portion of the cost of acquiring any necessary land or right of way, except a temporary right of way, nor any part of any damages incurred, awarded or paid, shall be paid out of the state road fund, but all cost of acquiring any necessary land or right of way and any damages incurred, awarded or paid shall be paid by the county out of its general fund. The state highway commission is hereby authorized to institute any proceeding in the county court of the county where the land lies to have any right of way, temporary or permanent, condemned and the damages assessed. They may institute such suit or proceeding in the name of the commonwealth, and the county attorney shall represent it. They shall have the power to agree with any landowner as to the value of the right of way and if the agreement reached is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and a record of said agreement shall be spread upon the records of the county court."

In view of our conclusion that the last-quoted section of the Statutes prohibits the payment of the cost of acquiring rights of way out of the proceeds of the sale of bonds issued under section 4307 of the Statutes, it is unnecessary to discuss or determine the question as to whether or not the cost of acquiring rights of way is a

necessary part of the cost of construction of a road. The Legislature has wisely provided that no portion of the cost of acquiring any permanent right of way should be paid out of the state road fund, having in view, no doubt, probable extravagant judgments against the state in condemnation proceedings. In limiting the payment of the cost of acquiring any necessary rights of way to the general fund of the county, it likewise had in view the protection and conservation of the proceeds of any bond issue that may have been voted for the construction of roads, clearly intending that the fund produced by the sale of such bonds should be preserved intact for actual construction work, and not dissipated in acquiring rights of way by purchase or condemnation proceedings. To hold that the cost of acquiring rights of way could be paid out of any fund other than the general fund of the county would be to ignore the plain provisions of section 4356t7. The general fund of the county presumably consists of the proceeds of a levy made for general purposes and of any surplus remaining from funds appropriated for specific purposes after the purposes for which the funds were appropriated have been satisfied. Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35, 23 Ky. Law Rep. 1292; Taylor v. Riney, 156 Ky. 393, 161 S. W. 203. In any event, the fund now under the control of the appellants is no part of the general fund of the county, but is a special fund to be expended for the specific purposes for which the bonds were voted.

Under section 4356t7, Kentucky Statutes, the cost of acquiring necessary rights of way may be placed upon the county without its consent, and whether such an indebtedness not voluntarily contracted for by the county would be in violation of section 157 of the Constitution, by creating an indebtedness in any year exceeding the income and revenue provided for such year, is a question not before us for determination.

For the reasons indicated, the judgment is reversed, with directions to enter a judgment in conformity herewith.

Whole court sitting.