# Schlosser, Appellant, *v.* Manor Township.

*Negligence—Bridges—Defect in bridge—Liability of township, county or state—Road law—Acts of April 15, 1903, P. L. 188; May 1, 1905, P. L. 318, and May 31, 1911, P. L. 468.*

1. A bridge is necessarily an integral portion of the highway or road passing over the bridge.

2. Where, under the Act of May 1, 1905, P. L. 318, the improvement of a township road was made by a tripartite agreement between the township, the county and the state, but a bridge, over which the road passed, was built entirely at the expense of the county, but was to be taken over and kept in repair by the township, the bridge is a township bridge, and the township is liable for a subsequent accident caused by defective maintenance or repair of the bridge, while responsible for its maintenance.

3. When the road of which such bridge was a part was improved, it became a state aid highway, and as such, under the Act of May 31, 1911, P. L. 468, passed from the control of the township to that of the State, and, after the state highway department took over the road, liability of the township ceased.

Argued March 12, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 102, March T., 1927, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1925, No. 106, for defendant n. o. v., in case of John Schlosser v. Manor Township.   Affirmed.

Trespass for personal injuries.   Before GRAFF, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff; judgment for defendant n. o. v. Plaintiff appealed.

316 SCHLOSSER, Appellant, *v.* MANOR TOWNSHIP.

*Error assigned* was judgment, quoting record.

*Charles E. Harrington,* with him *Harry P. Boarts,* for appellant.—The regularity of the proceedings for the construction of this bridge by the county, and the character of the bridge, cannot be raised collaterally by the appellee in this action for negligent maintenance: Kennedy v. Williamsport, 11 Pa. Superior Ct. 91.

The county properly built this bridge pursuant to authority under various Acts of Assembly. The township, unknown to the State, so far as this record shows, expressly agreed to maintain the bridge and keep it in repair. This it had a right to do, under the State Aid Act of 1905, and under the general laws of the Commonwealth: Benedict v. Fulton Twp., 30 Pa. Dist. R. 433.

*Harry A. Heilman,* with him *Clarence O. Morris,* for appellee.—Where an Act of Assembly places an obligation upon a certain person or department, to see to or do a particular thing, the execution of which involves the exercise of judgment or discretion, negligence in the performance of such obligation cannot be imputed to another: Cosette v. Mining Co., 259 Pa. 520; Watson v. C. & C. Co., 247 Pa. 469.

OPINION BY MR. JUSTICE FRAZER, May 21, 1928:

Plaintiff appeals from a judgment for defendant non obstante veredicto entered in an action against the Township of Manor, in Armstrong County, to recover damages for injuries sustained by reason of alleged negligence of that township in failing to keep a public bridge, known locally as the Keener Bridge, a part of the Garrett Run Road, in good repair and condition for safe travel. Plaintiff, approaching this structure on foot on a dark night, walked or fell over one of the abutments, where there were no lights or guard rails, and was seriously injured. Asserting in his statement of claim that the bridge at the time of the accident was

under the control and supervision of Manor Township, plaintiff claims the township is liable for the injuries he suffered.

Three fundamental facts are admittedly established by the evidence: That the bridge was originally a township bridge; that it became such at the time of its construction through an agreement between the county, which paid the entire cost of its erection, and the township, which was to take it over, supervise it and keep it in repair; and that the Garrett Run Road, which passed over the bridge, was improved as a state aid highway by the state highway department under the provisions of the Act of May 1, 1905, P. L. 318. The accident, resulting in plaintiff's injury, occurred December 29, 1923, and the conclusion cannot be questioned that if the bridge was at that date a township bridge and the accident was caused solely by a defect due to the negligence of the township in keeping it in repair, the liability would be upon the township. It is contended by defendant that, whether or not defects in the structure caused the accident, no liability rests upon it for the reason that, under the Act of May 31, 1911, P. L. 468, known as the Sproul Act, the state highway department assumed complete control and supervision over the structure at the time it was taken over, under that statute, as part of the Garrett Run Road, and that, by such taking over, the Commonwealth relieved the township of all liability for the accident, which happened subsequent to the passage of the Act of 1911.

The counter contention by plaintiff, appellant here, is that the bridge was built by the county and that its status was that of a county bridge, but that in this case the township and not the county is liable because at the time of its construction under the Act of 1905 an agreement was entered into, and subsequently followed, between the county and the township to the effect that the former should erect the bridge at its own expense and that the latter would take it under its supervision and

keep it in repair, and that the township in this case is "attempting to repudiate that express agreement," but that nevertheless its liability to plaintiff remains.

The Keener Bridge is of course a part of the Garrett Run Road. The common law principle that a bridge is necessarily an integral portion of the highway or road crossing it, was early adopted and since invariably followed in this Commonwealth, as stated in Westfield Borough v. Tioga Co., 150 Pa. 152, 153: "At common law such a structure is a part of the highway, and such is the law in this State and generally in this country." A brief recital of the history of the bridge, as disclosed by the record, will bring to light its original status. Originally the Garrett Run Road was a township road, and the bridge, which preceded the one here in question, a township structure. At or before the year 1908, floods so damaged the old structure that it was found necessary to replace it with a new one. This was done during that year under the provisions of the Act of 1905, which provided for the coöperation of the State with counties and townships for the improvement of public highways and for securing state aid for such betterment of the roads of the Commonwealth. Highways improved under this system of coöperation were known as state aid highways and were first authorized by the Road Law of April 15, 1903, P. L. 188, and this plan, as well as the appellation "state aid highways," has been retained and clothed with added significance in the Sproul Law of 1911. Following the method prescribed by the Act of 1905, under a tripartite agreement between the State, the county and the township, it was arranged that the Garrett Run Road should be improved and three new bridges constructed on that road, the cost to be defrayed by the three parties to the contract as set forth in the act. It appears, however, that while the expense of improving the road was shared in that manner, a different arrangement was made as to the bridges, with the acquiesence of the state highway department. Two of the

new bridges, paid for by the county, were duly entered according to law in the records of the county commissioners as county bridges, and consequently had that status. With these two structures we are not here concerned, as they have no connection with the case in hand. As to the third bridge, the one in question here, the township claimed its inability to bear the expense of its erection, and it was agreed, as a part of the original arrangement, that the county should pay the entire cost of construction, but that, as the agreement stipulated, the bridge when completed would be taken over by Manor Township as a township bridge, and continued under the supervision of the township, and would be kept in proper repair by it. Under this agreement the Keener Bridge was erected with no liability attaching to the county, as was also stipulated. These proceedings were entirely proper and legal under the Act of 1905, as the learned court below finds and thus says: "The Act of 1905 authorized such construction and the county acted within the provisions of said act when it agreed to contribute the cost of the bridge. Section 9 provides that the county or township may agree to appropriate a larger sum than the amounts specified in the act, and, further, that the county and the township may agree to contribute their total amount in different proportions than that specified." It was disclosed by the evidence that no records existed showing that this bridge had been entered on any county or township records as a county bridge, and that nothing was done to change its status. We therefore concur in the finding of the court below that the Keener Bridge was a township bridge.

Was this bridge divested of its status as a county bridge by the provisions of the Sproul Act of 1911? It is to be noted that this statute expressly repealed both of the Acts of 1903 and 1905, and that the accident occurred to plaintiff December 29, 1923, a date subsequent to the passage of the Act of 1911 and the repeal of the two acts referred to. The answer to the question must

then be found within the provisions of the Sproul Law. As we have seen, the Garrett Run Road became a state aid highway at the time it was improved in 1908 under the provisions of the Act of 1905, which were similar to those of the Act of 1903, creating state aid highways. The bridge in question is certainly a part of that state aid highway, and by the provisions of the Act of 1911, state aid highways, as well as state highways, are taken over and placed under the express control and jurisdiction of the state highway department, this law making a special difference between them to the effect that the latter highways are constructed and maintained at the sole expense of the Commonwealth, while the cost of the former may be shared, as mutually agreed upon, by the State, the county and the township, with authority of the latter municipalities to assume more or less of their proportion of the expense.   But this distinction in nowise lessens or affects the authority of the Commonwealth, acting through the state highway department, over state aid highways, and, as the evidence in this case shows, that department gave public and tangible notice of its assumption of jurisdiction and supervision of the Garrett Run Road, as well as the bridge, by resurfacing, about the year 1921, at the expense of the State and by the work of persons employed by the department, the entire length of the road, including that part extending across the Keener Bridge.   Appellant, in seeking to establish the claim that this bridge is exempt from the provisions of the Sproul Act because constructed at the cost of the county, and therefore a county bridge, misses the real meaning and intent of the definition of state aid highways as given in section 34 of the Act of 1911.   Such highways are there defined: "A 'state aid highway,' as the term is used in this act, shall be construed to mean only such highway as is improved with the aid and coöperation of the State with county and township, or with county or township, borough or incorporated town, either or severally, as the case may be,

according to the terms and provisions hereof; but shall not include any causeway or bridge which should properly be built by the county or by the State, under existing laws." This is practically the same definition as that given in the Acts of 1903 and 1905, and clearly the reservation at the end of the above quoted definition has relation only to bridges built by counties and having the legal status of county bridges, the purpose of the reservation being to free the township from the expense of maintaining and keeping in repair bridges erected by either the county or the State. We said in Com. v. Bird, 253 Pa. 364, 372; "The Commonwealth could, if it had seen fit, have included in its appropriation of roads, under the Sproul Bill, the county bridges located upon the said highways, so taken over, but, for reasons satisfactory to the legislature, this was not done. The excluding of the county bridges thereon, and leaving them for the counties to maintain was not an accident, nor an oversight by the legislature; as the Acts of 1903, 1905 and 1911, contained similar provisions, thereby showing conclusively, the intention of the legislature to relieve the townships of the Commonwealth from the burden of maintaining the roads so taken, and not to relieve the counties from the responsibility of taking care of county bridges upon the same." See also Com. ex rel. v. Lehigh C. & N. Co., 285 Pa. 551, 556.

The Keener Bridge, as we have found, was not a county bridge, but a township structure at the time of taking over the Garrett Run Road state aid highway by the state highway department under the Act of 1911, and its status as a township bridge remained until the highway of which it was a part was appropriated by the Commonwealth. By the appropriation that status ceased entirely, and thereafter the supervision of it and the duty of keeping it in repair were transferred from the township to the state highway department, and with that transference, as directed by the Act of 1911, that supervision and duty were taken from the township.

We accordingly concur in the conclusion of the learned judge of the court below that no obligation rested on Manor Township to repair the bridge at the time of the injury to plaintiff. Defendant township owed no duty to plaintiff and consequently there can be no recovery against it, and it is with its liability alone that we are at present concerned.

Judgment affirmed.