The Town of Ohio, in the County of Herkimer and State of New York, Respondent, *v.* The People of the State of New York and Others, Appellants.

Fourth Department, May 22, 1942.

*John J. Bennett, Jr., Attorney-General [Eric J. Lake, Assistant Attorney-General,* of counsel], for the appellants.

*O. L. Van Horne,* for the respondent.

McCurn, J.   The Town of Ohio asks in this action for a judgment declaring that a certain highway " has not become a highway of the plaintiff which must be kept open, worked and repaired as the other highways of the plaintiff."   The defendants appeal from orders denying motions to dismiss the complaint.

It is the contention of the appellants (1) that the action is not within the purview of the statutory provisions for a declaratory judgment, and (2) that in any event the town may not maintain an action against its creator, the sovereign State, or its officers when exercising governmental powers.

The town officials are in a quandary as to whether they are required to repair and maintain the highway in question.   If it is a

town highway, they are required by law to do so. If it is not, they are without right to expend tax moneys for its repair and maintenance. Owners of property along the highway demand that it be maintained and kept in repair. More remote taxpayers object. The town superintendent has been notified by letter on the stationary of the " State of New York, Department of Public Works," that it is a town highway and unless repaired State aid will be withheld from the town. If the highway is a town highway the town may become liable for damages caused by any defect. (Highway Law, § 215.)

. Confronted with this situation the town seeks a declaratory judgment that the highway is " not a town road." We think that under these circumstances declaratory judgment is a useful and appropriate remedy. The defendants urge that in so far as the right to State aid is concerned a remedy is provided under article 78 of the Civil Practice Act. That remedy, however, is inadequate for plaintiff's present purposes. It is important that the town officials know now whether the highway in question is a town highway. If it is, they run the risk of losing State aid and of incurring liability for damages by not keeping it in repair. If it is not, they may become chargeable for illegal expenditure of tax money if they do keep it in repair.

The objective of the declaratory judgment in our practice is to obtain relief from just such uncertainty and doubt. It aims to enable a party whose rights, privileges and powers are endangered, threatened or placed in uncertainty to invoke the aid of the court to obtain a declaration of his rights or legal relations. (*Newburger* v. *Lubell*, 257 N. Y. 383; *James* v. *Alderton Dock Yards*, 256 id. 298; *Post* v. *Metropolitan Casualty Insurance Co.*, 227 App. Div. 156; affd., 254 N. Y. 541.)

It is a well-known principle of law that the State in consequence of its sovereignty can be sued only upon its own consent and then only for such liability as the Legislature authorizes. The same immunity extends to State officers when acting in the performance of the sovereign power. (*County of Albany* v. *Hooker*, 204 N. Y. 1; *Breen* v. *Mortgage Commission*, 285 id. 425; *Pauchogue Land Corp.* v. *State Park Commission*, 243 id. 15.)

There is a further principle of law to the effect that a town or a county cannot maintain an action against the State of whose sovereign power it is a part, or against State officers. (*County of Albany* v. *Hooker*, 204 N. Y. 1.)

The appellants contend that these principles of law constitute an insurmountable obstacle to the plaintiff's prayer for a declaration of its rights in the case at bar. We are of the opinion that the

fundamental reason underlying such principles of law has no application to the instant case. This is not a case in which it is sought to establish a claim against the State nor is any affirmative or coercive relief demanded against the State or any of its officials. It is not in effect an action against the State in the same sense as the cases wherein the doctrine of immunity from suit against the State and its officials has been upheld. The object sought in this action is a declaration that the road in question is " not a town road." Certain fixed legal rights and obligations are dependent upon such a determination. It is of vital interest to the taxpayers of the town as well as to the convenience and safety of members of the public who travel the road to have the question determined without delay. The public welfare will be promoted thereby; it is both useful and necessary.

The Legislature empowered the Supreme Court " in any action or proceeding to declare rights and other legal relations." (Civ. Prac. Act, § 473.) It has been said that the language of the Legislature is " general and all embracing." It placed no limitations upon the use of declaratory judgment. Our courts have not hesitated to apply it in cases brought by individual plaintiffs against a State officer (See *Burnham* v. *Bennett*, 141 Misc. 514; affd., 235 App. Div. 751; affd., 259 N. Y. 655); nor in a case brought by a municipality against a State officer (See *City of New York* v. *Maltbie*, 248 App. Div. 39; affd., 274 N. Y. 90); nor in an action brought by the surrogate of Kings county against the Secretary of State to declare the termination date of his term of office. (See *Wingate* v. *Flynn*, 139 Misc. 779; affd., 233 App. Div. 785; affd., 256 N. Y. 690.)

In *Bradford* v. *County of Suffolk* (257 App. Div. 777) the controversy was between the town of Huntington and the county of Suffolk as to the proper method of apportioning the cost of relief administered under the Public Welfare Law and the Temporary Emergency Relief Act. The question of the validity and constitutionality of these statutes, together with their construction, was involved. The court there held that in as much as the decision would be of assistance to the local authorities and serve a useful and practical purpose, a declaratory judgment was proper.

In *Dyson* v. *Attorney-General* (1 K. B. 410 [1911]), a leading English case, the plaintiff sought a declaration that certain requisitions issued by the Commissioners of Internal Revenue were illegal. It was there held that a declaratory judgment could be made against the Attorney-General as defendant representing the Crown. When the substantive case later came before the Chancery Division Lord Justice FLETCHER-MOULTON said: " There must be

some way in which the validity of the threats of the Commissioners can be tested by those who are subjected to them before they render themselves liable to penalty, and I can conceive of no more convenient mode of doing so than by such an action as this." (*Dyson* v. *Attorney-General*, 1 Ch. Div. 158, 168 [1912].) In *City of Stamford* v. *Town of Stamford* (100 Conn. 434; 124 A. 26) it was held that a declaratory judgment may properly be rendered to determine whether the town or the city is bound to maintain and repair a certain highway. In *Waller* v. *Union County* (223 Ky. 636; 4 S. W. [2d] 414) the county sought and procured a judgment against State road commissioners that the costs of acquiring rights of way for a State highway were not payable out of funds raised by a certain county bond issue. There has been wide use of the declaratory judgment to settle disputes and define relations between the government and a citizen and also between different agencies of government where the public interest is involved. We are of the opinion that there is no restraint in our law to prevent the Supreme Court from assuming jurisdiction and in the exercise of its discretion to make a declaration in the present case.

The orders should be affirmed, without costs of this appeal to any party.

All concur. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Orders affirmed, without costs of this appeal to any party.