NIAGARA FALLS POWER COMPANY, Plaintiff, *v.* JOHN L. HALPIN et al., Constituting the Water Power and Control Commission of the State of New York, et al., Defendants.

In the Matter of NIAGARA FALLS POWER COMPANY, Petitioner, against JOHN L. HALPIN et al., Constituting the Water Power and Control Commission of the State of New York, et al., Respondents.

Supreme Court, Albany County, September 29, 1943.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General, and Timothy F. Cohan* of counsel), for defendants and respondents.

*Joseph M. Proskauer* for plaintiff and petitioner.

RUSSELL, J. This matter involves an action and a proceeding. The action is against the Water Power and Control Commission of the State of New York, and the State of New York, and the proceeding is for an order of prohibition against the Commission.

In the action, the plaintiff asks for a declaratory judgment that chapter 46 of the Laws of 1943 (amending Conservation Law, §§ 612, 614, 634, 639) is unconstitutional, and also for a temporary and a permanent injunction. The proceeding is one against an officer or a body for an order in the nature of a writ of prohibition,

In the proceeding, under article 78 of the Civil Practice Act, petitioner seeks to stay the Commission, under section 1299 of the Civil Practice Act, during the determination of the application, from taking any action under the statute, chapter 46 of the Laws of 1943.

In the action for a declaratory judgment, plaintiff moves for a temporary injunction during the pendency of the action.

In opposing the application for an injunction in the proceeding under article 78 of the Civil Practice Act, a motion is made to dismiss the petition on the ground that the court has no jurisdiction of the subject matter of the proceeding, and on other grounds.

In the action a motion is also made to dismiss under rule 106 of the Rules of Civil Practice on the ground that the court has no jurisdiction.

It appears that the predecessors of the Niagara Falls Power Company, pursuant to chapter 513 of the Laws of 1892 and chapter 968 of the Laws of 1896, were authorized to divert sufficient water to produce 200,000 effective horsepower on condition that they furnish free of charge electricity for light and power and water for use of the State and the State Reservation at Niagara. These rights were accepted by the Company's predecessors and it is alleged that it proceeded in accordance therewith.

The Niagara Falls Hydraulic Power and Manufacturing Company, pursuant to chapter 968 of the Laws of 1896, had confirmed to it and defined certain riparian rights, including the right to divert waters of the Niagara River through its hydraulic canal with a width of 100 feet and a depth and slope sufficient to carry at all times a maximum uniform depth of 14 feet of water.

Under the grant to the Niagara Falls Power Company, the diversion of waters sufficient to produce 200,000 horsepower in 1892 was not less than 20,000 cubic feet per second. Under the second grant the diversion was about 29,000 cubic feet per second.

The present company, the Niagara Falls Power Company, was formed in 1918 pursuant to chapters 596 and 597 of the Laws of 1918 by a consolidation of the above-mentioned companies and one other.

As a condition for the granting of its consent to the formation of the present company, the Legislature, in chapter 597 of the Laws of 1918, specifically provided that "if the corporation constituted by such consolidation [i.e., Chapter 596 of the Laws of 1918] shall divert from the Niagara River for power purposes more than fifteen thousand one hundred cubic feet per second,

there shall be reserved to the state the right to charge an equitable rental therefor in such amount and in such manner as shall hereafter be provided by law * * *."

By chapter 46 of the Laws of 1943, the State attempted to secure an equitable rental for a daily diversion of 15,100 cubic feet per second of water from the Niagara River. The Act provides that the Water Power and Control Commission " shall have the power to fix and determine, after a hearing held upon notice to the parties interested, * * * from July first, nineteen hundred forty-three, the amount of an equitable rental, which is hereby charged, for the diversion of water from the Niagara River to the extent of a daily diversion at the rate of fifteen thousand one hundred cubic feet per second and not otherwise subject to the imposition of an equitable rental as specified in such chapter [chapter 597 of the Laws of 1918], and which rentals shall be fixed in like manner as if an application was made for a license under the provisions of this article before the water was used, and the people of the state may sue for and collect in behalf of the state such rentals as so fixed and determined." (Conservation Law, § 614, subd. 13.)

The Niagara Falls Power Company claims that due to the previous grants from the State it has rights in the Niagara River which cannot be taken away, or interfered with by way of an exaction of rent; and that by reason of this fact chapter 46 of the Laws of 1943 is unconstitutional.

In the first place, I do not think the proceeding under article 78 of the Civil Practice Act can be sustained under the circumstances disclosed here.

A writ or order of prohibition is only issued in cases of extreme necessity where the grievance cannot be redressed by ordinary proceedings at law, or in equity, or by appeal. (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383, 394.)

In this matter, before anything can be collected by the State, the amount of the rental must be determined, and upon this an action must be brought under chapter 46 of the Laws of 1943, if there is a refusal to pay. This sufficiently protects the petitioner and plaintiff.

If the Board is without jurisdiction, nothing that it may do or decide will confer jurisdiction upon it. All questions as to jurisdiction and the constitutionality of the statute can be litigated directly in the proceedings under chapter 46 of the Laws of 1943, and for that reason there is no necessity to resort to prohibition. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379.)

An order may be submitted dismissing the proceeding.

The action, as distinguished from the proceeding, is brought upon two theories: one — that it is an action under article 15 of the Real Property Law to compel the determination of a claim to real property; the other — that it is an action for a declaratory judgment.

*First,* as to the right of the plaintiff to maintain an action to compel the determination of a claim to real property arising out of the facts here in question: — That action may be brought by a person who has been in possession of real property, or an undivided interest therein for at least one year, against any other person or corporation, including the State of New York, to compel the determination of any claim adverse to that of the plaintiff, which the defendant makes, or which it appears from the public records the defendant might make to any estate in that property in fee, or for life, or for a term of years not less than ten, in possession, reversion or remainder, or to any interest in that property, including any claim in the nature of an easement therein. (Real Property Law, §§ 500, 512.)

The plaintiff alleges in the action the rights of diversion as corporeal hereditaments. Section 2 of the Real Property Law defines the term " real property " and " lands ", as used in the first eight articles of the Real Property Law, as coextensive in meaning with lands, tenements and hereditaments. This definition does not apply to article 15. That being so, the term " real property " must be given such a general definition as will be consistent with that article.

Section 40 of the General Construction Law defines real property as including hereditaments, corporeal and incorporeal. By section 110 of that law, however, it is provided that the General Construction Law does not apply where the context of the language construed, or other provisions of law, indicate a different meaning.

While article 15 of the Real Property Law has a broad application, it does not seem to me to be applicable to the peculiar type of property which is the subject of this action. It was the evident intent of the Legislature not to include " hereditaments " in article 15.

*Second,* as to plaintiff's cause of action for a declaratory judgment: — The general rule is that the State can be sued only upon its own consent, and that this immunity extends to State officers when acting in the performance of the sovereign power. (*Town of Ohio* v. *People,* 264 App. Div. 220, 221.)

In the case of declaratory judgments, however, actions have been brought against State officers, and, in the case of the

*Town of Ohio* v. *People* (264 App. Div. 220, 222, *supra*), against the State itself. It was there stated, however, in explanation: " This is not a case in which it is sought to establish a claim against the State nor is any affirmative or coercive relief demanded against the State or any of its officials."

In the case at bar, the State is a necessary party (*Water Power and Control Commission* v. *Niagara Falls Power Co.,* 289 N. Y. 353), and plaintiff seeks to prevent the State from collecting an equitable rental as provided by the statute. This is an effort to compel State officers to refrain from doing what the statute directs them to do. It is thus an action against the State, and would be coercive in its result if sustained. (*Rolston* v. *Missouri Fund Commissioners,* 120 U. S. 390, 411.)

There is, however, another reason why a cause of action for a declaratory judgment cannot be sustained.

In view of the fact that the plaintiff has an adequate and complete remedy under the statute in question, and that it cannot be compelled to pay until an action for that purpose has been brought in the courts, there is no irreparable injury to the plaintiff entitling it to an injunction.

For the same reason, an action for a declaratory judgment would be an indirect duplication of the proceedings which may be taken under the statute. There is no necessity for a declaratory judgment in this case, and, if there is no necessity for resorting to such a remedy, it should not be employed. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298.)

For these reasons I am of the opinion that the action for a declaratory judgment, et cetera, should be dismissed.

Submit orders accordingly.