J. GORDON SMITH, et al., constituting the State Highway Department, Plaintiffs, v. THE BALTIMORE & OHIO RAILROAD COMPANY, a corporation of the State of Maryland, and THE BALTIMORE & PHILADELPHIA RAILROAD COMPANY, a corporation of the State of Delaware, Defendants.

442

*(November* 29, 1951.)

LAYTON, J., sitting.

*Howard E. Lynch, Jr.,* for Plaintiffs.

*William Prickett* for Defendants.

Superior Court for New Castle County, No. 373, Civil Action, 1951.

**LAYTON, J.:**

First, it is argued that the act just cited is a local or special law and violates Article II, Sec. 19 of the Delaware Constitution which states: "The General Assembly shall not pass any local or special law relating to * * * the laying out, opening, alteration, maintenance or vacation, in whole or in part of any road, highway, street, lane or alley; provided, however, that the General Assembly may by a vote of two-thirds of all the members elected to each House pass laws relating to the laying out, opening, alteration or maintenance of any road or highway which forms a continuous road or highway extending through at least a portion of the three counties of the State."

Before determining that 47 *Del. Laws, Chap.* 297 is a local or special law it should be decided whether or not a bridge is a highway. Little discussion is needed on this point. 29 *Del. Laws. Chap.* 63, *Sec.* 1(2) includes within its definition of a road or highway "* * * any bridge, culvert, viaduct or other * * * artificial way used in connection therewith * * *". Moreover,

the authorities are uniform in recognizing that a bridge is a part of a highway. *Schlosser v. Manor Township of Armstrong County*, 293 *Pa.* 315, 142 *A.* 322; *Mahnken v. Board of Freeholders*, 62 *N. J. L.* 404, 41 *A.* 921; *City of Stamford v. Town of Stamford*, 100 *Conn.* 434, 124 *A.* 26.

Is 47 *Del. Laws, Chap.* 297 a local or special law? If it is, it is invalid within the meaning of Article II, Sec. 19 of the constitution of this state for it admittedly was not passed by a vote of two-thirds of all the members elected to each House. The title of the Act is as follows: "An act to require the railroad company owning and controlling the bridge over the railroad tracks of the Baltimore and Ohio Railroad Company on what is known as Harvey Road, leading from the Philadelphia Pike to the intersection of said road with Naaman's Road, at what is known as Point Breeze, in New Castle County, to increase the capacity of said bridge so that weights of vehicle and loads up to twenty tons can safely cross said bridge."

Paraphrased for the purpose of brevity, the bill provides that the Baltimore and Ohio Railroad Company shall increase the capacity of its bridge on Harvey (Grubb) Road to twenty tons including a walk-way for pedestrian traffic and that upon failure of the company to complete the work within six months, the State Highway Department is directed to institute appropriate action to compel it to do so.

*Black's Law Dictionary*, 3rd *Ed.*, 1077, defines a local law as follows: "A law which, instead of relating to and binding all persons, corporations, or institutions to which it may be applicable, within the whole territorial jurisdiction of the lawmaking power, is limited in its operation to certain of such territory or to certain individual persons or corporations. A law is 'local' when it pertains to a particular place or to a definite region or portion of space or is restricted to one place. 'Local laws' are special as to place, and 'special laws' are those made from individual cases."

It further defines a special law as: "One relating to particular persons or things; one made for individual cases or for particular places or districts; * * *. A law is not special and local in the constitutional sense, if it affects all persons in like circumstances in the same manner."

In *Clendaniel v. Conrad*, 3 *Boyce* 549, 83 *A*. 1036, 1044, appeal dismissed 235 *U. S.* 712, 35 *S. Ct.* 203, 59 *L. Ed.* 437, our Supreme Court quoted with approval the following definition of special law from *Lewis' Southerland Statutory Construction, 2nd Ed.* 195, 196: "* * * 'The line of demarcation between general and special laws often seems indefinite and difficult to draw; but if the principles upon which the distinction rests are kept in mind, the difficulty is not nearly so great as it might seem. A law is general in the constitutional sense, which applies to and operates uniformly upon all members of any class of persons, places or things requiring legislation peculiar to itself in matters covered by the law, while a special law is one which relates and applies to particular members of a class, either particularized by the express terms of the act or separated by any method of selection from the whole class to which the law might, but for such limitation, be applicable.' * * *"

In *Tribbett et al. v. Village of Marcellus*, 294 *Mich.* 607, 293 *N. W.* 872, 877, the Supreme Court of Michigan said this on the subject of special and local law: "* * * 'It is urged that the act is local law. The term "local," as used in the Constitution, means laws which act upon a part, only, of the domain of the state, while "special" laws operate upon only a portion of the people of the state by granting to them rights, privileges, or immunities not enjoyed by the whole people or imposing a burden or obligation not borne by all the people (citing case). So an act is not local merely because by reason of its provision only one locality within the state may come under its terms. A general law is one which includes all persons, classes, and property similarly situated and which come within its limitations. * * *' "

■■ With these principles in mind it is very plain that the act in question has the aspects both of a local and a special law, for it is local in scope and special insofar as concerns the class at which it is aimed. Having failed to pass both Houses of the Legislature by the required two-third vote of all the members it must be declared invalid. And even if this Act had received the affirmative vote of two-thirds of the members of both Houses of the Legislature, grave doubts as to its constitutionality would remain in view of the language of the Fourteenth Amendment to the Federal Constitution which states, "* * * nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." However, further discussion of this latter point is obviously unnecessary because of the conclusion above reached.

The motion for summary judgment is sustained.