Bernard S. Meyer, J.
This motion seeks dismissal of the complaint in a declaratory judgment action on the grounds that the complaint fails to state a cause of action and that the court does not have jurisdiction of the subject matter. The motion is denied.
Statements extrinsic to the complaint may not be considered on this motion. (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36.) The court’s only concern is whether the pleadings liberally construed state a cause of action in some recognizable form. (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 114.) The substance of the facts pleaded controls. (Mahoney v. Ogden, 6 A D 2d 711.) The complaint, in essence, alleges that the defendant is a tenant of the premises under a lease which specifically provides that he shall not be entitled to any award made in condemnation, but that the entire award shall belong to the landlord; that defendant, therefore, is not entitled to any part of the condemnation award; that the *76 State of New York requires a release from the tenant to substantiate this fact before making payment; and that defendant has refused to execute a release required by the State. Defendant’s refusal to execute the release is tantamount to a repudiation of the lease and of plaintiffs’ claim to the entire award. It is illogical to contend no controversy exists because the defendant makes no claim to the award, and, at the same time, refuse to affirm this fact by execution of a release. The defendant’s conduct prevents payment to plaintiffs of a substantial money award, and places in uncertainty their rights under the lease. The plaintiffs may invoke the aid of the court to obtain a declaration of their rights (Town of Ohio v. People, 264 App. Div. 220, 221) and such a determination may be made without directing the defendant to execute a release.
The contention that this court has not jurisdiction of the subject matter is not valid for the reason that the complaint does not request a determination of the respective claims of the parties to the condemnation award, but a declaration of their rights under the lease. While the ultimate judgment in this action will establish the rights of the parties to the award, that determination flows from a construction of the lease provisions and leaves unaffected the defendant’s rights to proceed on any claim he may have against the State for appropriation of trade chattels. Declaratory judgment is, of course, a discretionary remedy which the court may, in the exercise of discretion, refuse to entertain when other remedies are adequate. (Rules Civ. Prac., rule 212; Newburger v. Lubell, 257 N. Y. 383; cf. Woollard v. Schaffer Stores Co., 272 N. Y. 304.) Thus in Zottoli v. Burpeau (141 N. Y. S. 2d 137) the court declined to entertain plaintiff-lessee’s action to determine his interest in a condemnation award, where the matter could be litigated in the condemnation proceeding. That remedy, however, would not suffice here for the defendant makes no claim to the plaintiffs ’ award, which is already settled, and the defendant himself has filed no claim against the State. The motion is, therefore, denied.