**OPINION OF THE JUSTICES of the Supreme Court In Response to a Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

March 28, 1969.

To His Excellency Russell W. Peterson, Governor of Delaware:

Reference is made to your letter dated March 25, 1969, requesting the opinion of the Justices, under 10 Del.C. § 141, as to the constitutionality of House Bill No. 73, entitled "AN ACT TO AMEND SECTION 1004, TITLE 14, DELAWARE CODE, BY PROVIDING AN ADDITIONAL REQUIREMENT FOR ANY PLAN OF REORGANIZATION OF THE EDUCATIONAL ADVANCEMENT ACT." * The Bill was recently passed by the Gen-

---

* House Bill No. 73 provides, as an additional prerequisite of any plan of reorganization of school districts adopted by the State Board of Education, the following:

"(9) Any existing school district; that has a superimposed high school district; and that has two or more high schools in the superimposed high school district; and that has a high school within the boundaries of each of the existing school districts; then such superimposed high school district shall be considered subdivided and become a

eral Assembly and is now before you for consideration.

Your letter presents the following factual information:

"The bill in question * * * amends the Educational Advancement Act passed by the 124th General Assembly. It is solely directed to a particular situation relating to the present John Dickinson School District. The State Board of Education, pursuant to the mandate of the Educational Advancement Act, has decided that the present boundaries of the Dickinson District should remain the same, but that the Stanton and Marshallton Districts, presently existing within such boundaries of the Dickinson District, should be merged with the Dickinson District. However, House Bill No. 73 would require a different result, to-wit, 'split consolidation' or a dividing of the Dickinson District into two parts, so that one of the present high schools in combination with the Marshallton District, and the other high school in combination with the Stanton District, would each become separate kindergarten to 12th grade districts under the reorganization. This inevitably draws new geographical boundaries because that which exists as the Dickinson District would be divided in two by act of the legislature.

"House Bill No. 73, although couched in general terms, as a practical matter appears only to affect the Stanton-Marshallton-Dickinson situation. Only that area fits the criteria of the amendment."

We assume those facts and the following opinion is based upon that assumption.

The Constitution of the State of Delaware (Art. 2, § 19, Del.C.Ann.) provides in pertinent part:

"The General Assembly shall not pass any local or special law relating to * * * the creation or changing the boundaries of school districts * * *."

part of the existing school districts, and such districts shall be considered reorganized districts under the provisions of

The question is whether House Bill No. 73 is violative of that provision of our Constitution. The answer requires a restatement of the definition of a "local or special law."

■ A law is "local" within the meaning of Art. 2, § 19 when, instead of relating to and binding all persons or institutions of the class to which it may be applicable within the territorial boundaries of the State, it is limited in its operation to the members of that class in a certain part of, or particular place within, the State. Smith v. Baltimore & Ohio R. Co., 7 Terry 441, 85 A.2d 73 (1952).

■ A law is "special" within the meaning of Art. 2, § 19 when it relates to, or was made for, particular persons or institutions or for individual cases. A "special" law is one which "relates and applies to particular members of a class, either particularized by the express terms of the act or separated by any method of selection from the whole class to which the law might, but for such limitation be applicable." Sutherland on Statutory Construction (2d Ed.) pp. 195–196. The distinguishing feature or characteristic of a general law is that it has a uniform operation as to all persons or institutions of a class uniformly situated. A statute relating only to particular persons or institutions of a class is special. Clendaniel v. Conrad, 3 Boyce 549, 83 A. 1036, 1044 (1912).

The objectives of Art. 2, § 19 appear in the Constitutional Debates of 1897. It is there stated (Volume 3, pp. 1260–1262) that the purpose of the drafters was "to save the time of the Legislature now occupied by repeated changes of one school district into another." In this connection, Judge Spruance stated to his colleagues:

"* * * One of the great evils of our present system of legislation is that most of the time of our Legislature is spent upon private matters with which the public have no concern whatever and which

this Act if such districts meet all other requirements of this section."
See 56 Del.Laws, Ch. 292.

ought to be dealt with by general laws committing to some department of the Government the consideration of those questions. Whether the Legislature has acted wisely or unwisely upon such subjects, the fact remains that by such legislation being limited to general laws an immense saving of time and expense would be effected."

With these principles and objectives in mind, and upon the assumptions derived from the factual data contained in your letter, we are of the opinion that the Act in question has the aspects both of a local and a special law: it is local in its scope in that it pertains and is limited to a school district in a particular part of the State; it is special in its operation in that it was obviously made for an individual case. Compare Tusso v. Smith, 39 Del.Ch. 198, 162 A. 2d 185 (1960); Wright v. Husbands, 36 Del. Ch. 416, 131 A.2d 322, 332–333 (1957).

By 14 Del.C. § 1004(a), the State Board of Education was directed to propose a plan of reorganization of school districts conforming to the criteria prescribed by 14 Del.C. § 1003. This the Board did. The Plan thus proposed directed the consolidation of the Stanton and Marshallton Districts into the John Dickinson District. House Bill No. 73 was thereafter passed for the sole purpose of changing this aspect, and only this aspect, of the Plan. As such, clearly it is a local or special law changing the boundaries of a properly established school district (the Dickinson School District).

Accordingly, upon the basis of the stated assumptions we are of the opinion that House Bill No. 73 contravenes Art. 2, § 19 and, therefore, is unconstitutional.

The foregoing is the unanimous opinion of the Justices.

Respectfully submitted,
DANIEL F. WOLCOTT
Chief Justice
JAMES B. CAREY
D. L. HERRMANN
Justices

